ELIAS J. CRANDALL, Plaintiff in Error, v. THE PEOPLE, &c., Defendants in Error.

(GENERAL TERM, SIXTH DISTRICT, JANUARY, 1870.)

Chapter 3, of the Laws of 1848, providing for the punishment of seduction under promise of marriage, enacts that "no conviction shall be had under the provisions of this act on the testimony of the female seduced, unsupported by other evidence." Where, on the trial of an indictment under this act, the prosecutrix testifies to the promise, intercourse, and other facts, essential to constitute the offence, and other testimony tending to support her upon such points is given, whether or not she is sufficiently supported to justify a conviction is a question for the jury.

It seems that if a prisoner has not, under the act of 1869 (chap. 678), offered his own testimony upon his trial, it is error if the court, against his objection, permit the counsel for the prosecution in addressing the jury, to comment on the omission as a circumstance against him, or a fact to be considered in determining the case.

THE plaintiff in error was tried at the Chenango County Court of Sessions in December, 1869, on an indictment charging him with seduction under promise of marriage, under chap. 111 of the Laws of 1848. The jury found him guilty and the court sentenced him to imprisonment at hard labor in the State prison at Auburn for the term of two years. He made a bill of exceptions, taken on his trial, which formed a part of the record of his conviction.

The case was brought into this court by writ of error, but no stay of execution of the judgment was granted.

*E. H. Prindle,* for the people.

*J. S. Newton,* for the plaintiff in error.

Present—BALCOM, BOARDMAN, PARKER and MURRAY, JJ.

By the Court—BALCOM, P. J. The statute under which the prisoner was indicted, convicted and sentenced, is as follows: " Any man who shall, under promise of marriage, seduce and

Crandall *v.* The People.

have illicit connection with any unmarried female of previous chaste character, shall be guilty of a misdemeanor, and upon conviction, shall be punished by imprisonment in a State prison not exceeding five years, or by imprisonment in a county jail not exceeding one year; provided that no conviction shall be had under the provisions of this act, on the testimony of the female seduced, unsupported by other evidence." (Chap. 111, Laws of 1848; Laws of that year, p. 148.)

Points were made and exceptions were taken by the prisoner's counsel as the evidence was given and during the charge of the court to the jury, on the ground that the testimony of the prosecutrix, who testified that she had been seduced by the prisoner under a promise of marriage, was unsupported by other evidence.

The facts that the prosecutrix was unmarried and only twenty-two years of age at the time of the trial, and that the prisoner visited her as a lover, and said, in substance, that he intended to marry her in the summer of 1866, were proved by other witnesses. Other witnesses than the prosecutrix testified that she and the prisoner lived at the same house in the summer of 1867. One witness, who frequently saw them together talking with each other, testified that he thought "their attentions were different from what those of any common hired man and woman would be;" also, that he thought "they acted as if they were fond of each other."

The prisoner did not visit the prosecutrix in the winter of 1866 and 1867. But when they were living, as servants, at the same house in the spring of 1867, they were frequently seen talking to each other, alone, according to the testimony of two other persons who were there; and these two witnesses testified to facts showing that the prisoner had opportunities for being alone with the prosecutrix where he could have had sexual intercourse with her at the time at which, as she testified, he had seduced her.

The evidence shows that the prosecutrix was received in such society as there was in the neighborhood where she resided, before the fact became publicly known that she was

Crandall v. The People.

pregnant. Her mother testified that she was delivered of a child at a date corroborative of her testimony. And no person can read all the evidence in the case without being satisfied that the prisoner was guilty of seducing the prosecutrix under promise of marriage.

The statute does not define the extent that the prosecutrix must be supported by other evidence to warrant a conviction in a case like this.

The fact that the prosecutrix went in good society before she became pregnant was evidence that she was " of previous chaste character." The proof by a brother of the prosecutrix that the prisoner visited her as a suitor in 1866, and said he was the owner of a farm in Pharsalia and he and the prosecutrix were going there to live, supported the prosecutrix on the question that the prisoner promised to marry her.

The evidence justifies the conclusion that the prisoner broke his engagement to marry the prosecutrix in the winter of 1866 and 1867; and that thereafter he did not intend to marry her until they lived at the same house, as laborers, in the spring of 1867. But the just inference from the testimony of Walker and Thornton, is that the prisoner and prosecutrix became reconciled as lovers during that spring; and, their evidence that the prosecutrix and the prisoner then lived in the same house, and were frequently talking together alone and seemed to be fond of each other, supported the testimony of the prosecutrix that the prisoner then renewed his promise to marry her. And I am of the opinion, whether the testimony of the prosecutrix was sufficiently supported by other evidence, to justify the conviction of the prisoner, was a question for the jury; for she was corroborated by some evidence given by other witnesses upon the material points in the case.

I think the true rule, in cases like this, is, when there is some evidence given by other witnesses, which supports the testimony of the prosecutrix, on the material questions in the case, the jury must determine whether she is sufficiently corroborated to warrant a verdict of guilty. And this con-

clusion is in harmony with the decision in *Kenyon* v. *The People* (26 N. Y. Rep., 203).

During the argument of counsel for the people to the jury, he alluded to the fact that the prisoner had not been sworn in the case, and claimed that counsel for the prisoner could not consistently deny the truth of the prosecutrix's statements in certain respects; when the prisoner's counsel objected to any argument against the prisoner, based upon the fact that he had not been sworn, and asked the court to rule that no inferences or presumptions could be drawn against the prisoner from the fact that he had not been sworn, and to require the counsel not to discuss that fact to the jury. The court then ruled that no inferences or presumptions could be drawn against the prisoner, because he was not sworn as a witness in the case; but said that the court could not prescribe rules for the argument of counsel. The prisoner's counsel excepted to this last statement of the court. The people's counsel (continuing his argument) then stated to the jury, in substance, that he supposed he must not mention the fact that the prisoner had not been sworn, nor hint at it in any manner; but insisted that he had the right to claim that the evidence of the prosecutrix upon certain points was entirely uncontradicted by any person. To which argument the prisoner's counsel objected and excepted. No further allusion was made by the people's counsel to the fact that the prisoner had not been sworn.

The court charged the jury as requested by the prisoner's counsel, that the fact that the prisoner had not made himself a witness, could not be used to his prejudice, nor could any inference against him be drawn therefrom, nor create any presumption against him.

The statute is that the neglect or refusal of any prisoner to testify on his trial " shall not create any presumption against him." (Laws of 1869, vol. 2, p. 1597.) And I am of the opinion it is the duty of the court to prevent counsel for the people commenting to the jury on the fact that the prisoner has not testified as a witness in his own behalf. The court

Crandall *v.* The People.

erred in this case by ruling that they could not prescribe rules for the argument of counsel, so far as the ruling applied to the question whether the people's counsel could comment upon the fact that the prisoner had not been sworn. But the people's counsel did not thereafter argue that any inference could be drawn against the prisoner because he had not been sworn. This fact, and the ruling and charge of the court, that no inferences or presumptions could be drawn against the prisoner because he had not been sworn as a witness in the case, rendered the refusal of the court to prevent the people's counsel commenting on the prisoner's omission to testify in his own behalf harmless. The error of the court was like a decision to admit improper evidence when no evidence is given under the decision. But I think, if the people's counsel had argued to the jury, after the court refused to prevent him, that the fact that the prisoner had not been a witness for himself was a circumstance against him or a fact that they should consider in determining the case, the refusal of the court to stop that line of argument would have entitled the prisoner to a new trial. But it is unnecessary to decide this question in this case.

It is unnecessary to notice the numerous requests of the prisoner's counsel respecting the charge of the court to the jury, or the many exceptions to parts of the charge, or to refusals to charge the jury; for no error was committed, to the prejudice of the prisoner, by the refusals to charge the jury, or in the charge made, when the whole charge is considered together.

I am of the opinion, if the court had read the statute to the jury under which the indictment was found, and had then said to them that they had no right to convict the prisoner on the testimony of the prosecutrix, unsupported by other evidence, and that it was their province to determine whether she had been sufficiently supported by other evidence to justify them in finding the prisoner guilty, the charge would have been all that was required by the case

upon the evidence. The charge was as favorable to the pris-oner as the one I have said would have been sufficient.

In regard to the whole case, I will say we think no error was committed on the trial which would justify this court in reversing the judgment of the Court of Sessions. And our conclusion is, that the judgment should be affirmed.

Judgment affirmed.