HICKMAN *et al.* v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

Negligence: PASSENGER: ALIGHTING FROM TRAIN. In an action by a woman in good health, sixty-five years old, and weighing one hundred and seventy pounds, and who was a passenger on defendant's train, to recover damages for personal injuries caused by starting the train while she was in the act of alighting, the jury may take into consideration the " age, sex, and physical condition" of the plaintiff in determining whether the train stopped sufficiently long to enable her to get off, and whether she in so doing acted with ordinary care and diligence.

*Appeal from St. Louis City Circuit Court.*—HON. A. M. THAYER, Judge.

AFFIRMED.

VOL. 91—28

*Bennett Pike* for appellant.

(1) The court committed error in giving the instructions asked by plaintiffs. *Tucker v. Heniker*, 41 N. H. 317; *Fox v. Glastenbury*, 29 Conn. 204; *Chicago v. McCarty*, 75 Ill. 602; *Chicago v. McGiven*, 78 Ill. 347; *City of Wyandotte v. White*, 12 Kan. 191; *Garrett v. Railroad*, 19 Gray, 504; *Railroad v. Houston*, 95 U. S. 697. (2) The court committed error in refusing to give instruction numbered four asked by defendant, and in modifying said instruction, and giving it, as modified, to the jury. *Strauss v. Railroad*, 76 Mo. 185; *Sevier v. Railroad*, 18 Am. & Eng. R. R. Cas. 245. (3) The verdict was excessive. *Sawyer v. Railroad*, 37 Mo. 240; *Railroad v. Welch*, 52 Ill. 188.

*S. B. Jones* and *Boyle, Adams & McKeighan* for respondents.

(1) The court committed no error in giving the instructions asked by the respondents. *Strauss v. Railroad*, 75 Mo. 185; *Doss v. Railroad*, 59 Mo. 37; *Waller v. Railroad*, 83 Mo. 608; *Strauss v. Railroad*, 86 Mo. 421; *Leslie v. Railroad*, 88 Mo. 50. (2) The court committed no error in refusing to give instruction numbered four asked by appellant, and modifying it as given. *Strauss v. Railroad*, 75 Mo. 185; *Waller v. Railroad*, 83 Mo. 608; *Doss v. Railroad*, 59 Mo. 27. (3) The verdict was not excessive. It is the province of the jury (in this case a selected one on motion of appellant) to assess the damages, and where the damages are unliquidated, and the amount is referred to a jury, the court will not, ordinarily, interfere with the verdict. 2 Thomp. on Neg. 1266, 1267; 44 Iowa, 322; 1 Suth. on Dam. 810; *Robinson v. Railroad*, 48 Cal. 409; *Porter v. Railroad*, 71 Mo. 67; *Harrold v. Railroad*, 24 Hun, 184; *Frick v. Railroad*, 75 Mo. 595. Before a court

will interfere with a verdict it must appear at first blush that the damages are flagrantly excessive, or that the jury have been influenced by passion or prejudice. *Kennedy v. Railroad*, 36 Mo. 351.

BRACE, J.—This suit was instituted in the circuit court of the city of St. Louis, for damages for personal injuries sustained by the plaintiff, Isabella Hickman, while alighting from one of appellant's passenger trains at Wilkerson, Missouri. The case was tried by a special jury, summoned for that purpose on application of the defendant, who found a verdict for plaintiff, and assessed the damages at five thousand and five hundred dollars. From the judgment rendered thereon the defendant appeals.

It is contended for the appellant, that the court committed error in giving the second instruction asked for by the plaintiff ; in refusing to give instruction num-. bered four, asked by defendant, and in modifying said instruction, and giving it as modified to the jury ; and that the verdict is excessive ; and for these reasons a reversal of this cause is asked. The second instruction for plaintiff is as follows :

"The court instructs the jury that it was the duty of defendant's servants and employes, on the occasion in question, to stop the train long enough for plaintiff, by the exercise of ordinary care and diligence, considering her age, sex, and physical condition, to get off the train safely before it was started, or suffered to start ; and if the jury believe, from the evidence, that the plaintiff, as soon as the train stopped, got up from her seat and walked at once, and as fast as she reasonably could, out on the platform, and down the step on the car, without stopping on the way, then she did all the law required of her, so far as diligence on her part in getting off the train was concerned ; and if, under such circumstances, the defendant's servants or employes started the train while she was proceeding to alight,

still using due and reasonable haste in getting off the train, such starting of said train was an act of negligence on the part of defendant, and a breach of its duty to plaintiff as a passenger on its road."

Instruction number four, for defendant, as modified by the court, and then given, is as follows:

"If the jury find, from the evidence, that the train was stopped at Wilkerson station a sufficient length of time for the female plaintiff to conveniently alight, *considering her age and physical condition*, and without any fault of defendant's servants in charge of said train, she failed to do so, and the conductor, not knowing, and having no reason to suspect, that plaintiff was attempting to alight, or was in the act of alighting, caused the train to start while she was so alighting, or attempting to alight, then defendant is not liable."

The modification consisted in the insertion, after the word "alight," in the fourth line, the words, "considering her age and physical condition," in italics.  It is contended that the use of the words, "considering her age, sex, and physical condition," in the second instruction given for plaintiff, implies that less than an ordinary degree of care and diligence was required of her in getting off the train.   We do not think such an implication arises from a fair construction of the instruction. in the sentence in which that phrase is used the court was instructing the jury as to the duty of defendant to stop its train long enough for the plaintiff "to get off, safely, before it was started, or suffered to start."   The qualification, if any, contained in the words, "considering her age, sex, and physical condition," is applicable to the words immediately succeeding, rather than to the phrase, "ordinary care and diligence," immediately preceding those words.   The use of the terms ordinary care and diligence, in that sentence, is merely formal, and its meaning, in the connection there used, if at all ambiguous by reason of imperfect punctuation, is clear

and unmistakable when read in the light of the remainder of the instruction, which immediately proceeds to the statement of what action, on the part of plaintiff, would bring her within the exercise of the ordinary care and diligence required of her, and which is fully up to the standard of the ordinary care and diligence that could be required of any person.

But, conceding that the reading contended for by appellant is correct, yet nothing less than ordinary care and diligence is required of the plaintiff; but according to that reading, in determining whether or not such ordinary care and diligence was used by the defendant, the jury are to consider her age, sex, and physical condition, and why not? She was required to use only such ordinary care and diligence as a prudent person in her situation would use, and how could the jury determine whether she had acted with the ordinary care and diligence with which a prudent person would have acted in her situation, unless they considered that situation; her environments; how a prudent mind would have guided the action of such a body as she possessed; and how could they do this, without considering that body, its sex, its age, and its physical condition? It was, perhaps, superfluous to make the suggestion to the jury, but it was certainly not erroneous.

Nor do we find any error in the first or second instructions given for the plaintiff, or in the modification made by the court of defendant's fourth instruction, in respect of the declaration contained in each of them that the jury, in determining the question whether defendant's train was stopped at plaintiff's destination a reasonable time for the plaintiff to safely or conveniently get off the train, they should take into consideration her age, sex, and physical condition. The evidence tended to show that Mrs. Hickman was, at the time of the accident, about sixty-five years of age, weighed about one hundred and seventy pounds, was in good health, and

able to walk; she belonged to that class of fleshy old ladies, many of whom are travelers, and necessarily so, who can, and do, move with reasonable celerity, but not so quickly as many who are younger, stronger, and more active. She was received as a passenger on defendant's train, and when the train arrived at her place of destination, was entitled to a reasonable time in which to get off; and it was the duty of the defendant to stop its train for that length of time. What would be a reasonable length of time for a light, young, active man, might, and ordinarily would, not be a sufficient length of time for a heavy, old woman to get safely off a train. The jury were called upon to determine whether the defendant's train stopped a sufficient length of time for the plaintiff to get off; how could they determine that question without considering what kind of a passenger she was, her age, sex, and physical condition; and how could the court have erred in directing them to consider what they must have, in any event, considered, if they came to a correct conclusion in the premises, and, without the consideration of which, they could not have arrived at such a conclusion?

The instruction given by the court, on its own motion, on the measure of damages, is unexceptionable; the injury received by the plaintiff, the evidence tended to prove, was a painful, serious, and permanent one, and we find nothing in the case to indicate that the verdict of the jury was the result of bias or prejudice.

The judgment of the circuit court is affirmed. All concur except Norton, C. J., absent.