*Hawks P. C.* 2 Ch. 46; 1 *Hale, P. C.* 36; 1 *Arch. Crim. P.* 85; .Commonwealth *v.* Harrington, 1 *Pick.* 26; People *v.* Stocking, 50 *Barb.* 573.

In the case at bar it was immaterial whether the crime was committed on the 18th day of January or the 1st of January, or any intermediate day, and hence the proof was competent. Regina *v.* Firth, 11 *Cox Crim. Cas.* 234.

None of the other exceptions taken in the case seem to require special notice.

The conviction should be affirmed.

MACOMBEP, J., concurs; BARTLETT, J., concurs in result.

---

# Court of Appeals.

*June,* 1888.

# Supreme Court—General Term—Fourth Department.

*January,* 1888.

## PEOPLE *v.* KEARNEY.

SEDUCTION UNDER PROMISE OF MARRIAGE.—CORROBORA-TION.—PENAL CODE, § 286.—SATURDAY HALF-HOLIDAY.

(BY THE COURT OF APPEALS.)

Upon a trial for seduction under promise of marriage alleged to have occurred on the fourth of July and to have been followed by frequent sexual intercourse between the parties until the ensuing December, it is not competent to show, for the purpose of corroborating the testimony of the female as to the act which is the crime charged, that thirteen months after said fourth of July, to wit,—in August of the following year,—she gave birth to a child.

*It seems,* that upon such trial it is not required that the testimony of the female as to previous chastity and her being unmarried be corroborated.

Statement of Facts.

(BY THE GENERAL TERM OF THE SUPREME COURT.)

Upon a trial for seduction under promise of marriage the corroborating evidence need only to relate to the promise of marriage, and to the carnal connection, and the former may be established by proof of such circumstances as usually attend marriage engagements, and the latter by proof of opportunities and relations of confidence and affection between the parties.

In such a trial the substantiating evidence was given by the father and mother of the complainant tending to show that the defendant, before, after and at the time of the alleged seduction, was visiting the complainant as her suitor; that he called upon her three or four times a week and visited her evenings; that he invited her to go to a picnic where the alleged seduction took place, and met her by appointment on the way there; that he returned home with her that night, and after this, he talked with her and her mother regarding their contemplated marriage; that the time for its celebration was appointed, that it was postponed to another day, and that he was shown the dress which the proponent proposed to wear at their prospective wedding. *Held*, that this was sufficient corroboration of the complainant's testimony both as to the promise of marriage and illicit intercourse.

A court is not a " public office " within the meaning of those words as used in L. 1887, ch. 289 (amending L. 1875, ch. 27, as amended by L. 1881, ch. 30), making Saturday afternoon a half-holiday, and therefore that statute does not prohibit the holding of court after noon on Saturdays.

Appeal by the defendant, Charles E. Kearney, from a judgment of the General Term of the Supreme Court, in the Fourth Department, entered January 26, 1888, affirming a judgment of the Court of Sessions of Onondaga County, Hon. A. J. NORTHRUP, presiding, entered upon a conviction, July 13, 1887, of defendant of seduction under promise of marriage.

The judgment of the General Term of the Supreme Court was reversed by the Court of Appeals, but upon a single point only, leaving untouched all the other positions taken by the Supreme Court in the opinion given below.

The facts fully appear in the opinions of the General Term and of the Court of Appeals.

*W. P. Goodelle,* for defendant, appellant.

I. No support was given to the testimony of the prosecutrix as required by section 286 of the Penal Code. If the corroborative evidence fails to support all the necessary elements, a conviction cannot be sustained. People *v.* Plath, 100 *N. Y.* 590; 4 *N. Y. Crim. Rep.* 53. And in a prosecution for seduction under promise of marriage, the two elements as to which the female must be supported are the promise of marriage and the carnal intercourse at the time it is claimed that the offense was committed under that promise. People *v.* Plath, *supra;* Armstrong *v.* People, 70 *N. Y.* 38.

In this case there was no such support as the law requires as to the alleged intercourse. Before the jury could convict, the prosecution was bound to give proof outside the evidence of the complainant which tended to establish the commission of the crime by the defendant, of his having had illicit relations with her at the time she specified. People *v.* Plath, *supra;* State *v.* Warren, 1 *Greene Cr. R.* 749. The supporting evidence in this case only related to immaterial matters (People *v.* Josselyn, 39 *Cal.* 398), unless a criminal intention is always to be presumed against a young man who calls upon a young lady or invites her to go to a public picnic, and without a single word or act showing otherwise than an innocent purpose and the ordinary relations of innocent and well-intentioned people. The supporting evidence must be substantial; merely raising a suspicion is not enough. People *v.* Williams, 29 *Hun,* 520; 1 *N. Y. Crim. Rep.* 336.

II. The fact that the prosecutrix became pregnant and was delivered of a child August 19, 1886, which was conceived nine months before, to wit: November 19, 1885, is no evidence or corroboration that the defendant had intercourse with her July 4, 1885. Subsequent acts of illicit intercourse do not even tend to corroborate the prosecutrix. People *v.* Clark, 33 *Mich.* 112.

The case of Armstrong *v.* People is distinguishable from

the present one. In that case the corroborating circumstances were far stronger, and the circumstantial evidence strongly bore out the complainant's testimony as to all the essential facts.

III. The judgment should be reversed because it was pronounced upon a verdict rendered illegal by reason of some part of the trial other than to receive said verdict being had after noon on Saturday, which was the same as Sunday. The act complained of being prohibited rendered the verdict and judgment illegal. *Pulling v.* People, 8 *Barb.* 384; Story *v.* Elliot, 8 *Cow.* 27; Allen *v.* Godfrey, 44 *N. Y.* 433.

*Lawrence T. Jones,* district attorney, for the people, respondent.

The following is the opinion of the General Term of the Supreme Court.

MARTIN, J.—The Penal Code provides, that a person who, under promise of marriage, seduces and has sexual intercourse with an unmarried female of previous chaste character, is punishable by fine or imprisonment, or both. But it also provides, that no conviction can be had for the offense upon the testimony of the female seduced unsupported by other evidence. Sections 284, 286.

It was under this statute that the defendant was indicted, tried, convicted, and sentenced. On the trial the offense charged was proved by the complainant, who was the principal witness.

She, in effect, testified, that the defendant invited her to accompany him to a place called Long Branch to attend a picnic, on the 4th of July, 1885; that she went to the lake with a Miss Murray; that they there met the defendant and several others and took the boat for their place of destination; that after arriving there, and after having danced, she and the defendant took a walk around the grove alone; that the defendant then asked her to marry

him, and named the following October as the time when it should take place; that she assented to his offer and promised to become his wife; that the defendant then had sexual intercourse with her; that she was induced to submit to his embraces by reason of his persuasion and seductive acts and her reliance upon his promise to marry her.

The evidence given by the people, which tended to corroborate that of the principal witness, was given by her father and mother. Her mother testified: "I remember the 4th of July, 1885, referred to, the day on which they went to the picnic. I saw Kearney there that day in the afternoon; before that he used to call there regularly on my daughter; he said, 'I want to hurry up now and go to the picnic.' My daughter and Catherine Murray went on the street car from where we lived; he said, 'I will go down to the brewery; I will meet you at the pier;' I guess it was about one o'clock when they went to the picnic; it might have been eight o'clock when they got home; I have heard Kearney talk to my daughter on the subject of marriage; in my own house in the parlor; he asked her, 'Mary, when are we going to get married?' she said, 'I don't know'; just like that; he asked her when they were going to get married; when it would be settled for them to be married; and so he set about October, some time in October, 1885; she said she would get married to him; so he came to the house all along; she had her clothes fixed; some time in October when it come for them to be married he didn't have no money; I asked him myself what was the matter with him? he said he couldn't get the money; he said, 'I ain't got any money; I will have it against Thanksgiving;' when Thanksgiving come he didn't have any money; they kept company still, and he came to our house all along; I remember about the wedding-dress; Mr. Kearney saw it; he said it was handsome; Catherine Murray, Jimmie Hogan and Meehan and Charlie Kearney came back with her the evening after the picnic." Her father testified: "I know Charlie Kearney, the defendant; I am the father of Mary

Carroll, I suppose; I have seen the defendant at my house all through the summer of 1885, pretty much; before the 4th of July, he called there three or four times a week; I didn't keep any track of it; I have often seen him there and have spoken to him there; he has visited with her there."

An important question presented is whether the evidence of these witnesses supported the evidence of the principal witness sufficiently to justify the trial court in submitting to the jury the case. Before proceeding further it may be well to examine the authorities bearing upon this question, to determine, if we may, to what extent and as to what facts the statute requires such a witness to be corroborated.

The case of Armstrong *v.* People (70 *N. Y.* 38), arose upon an indictment under chapter 111, Laws 1848, which, in all its essential particulars, was identical with the provisions of the Penal Code, under which the indictment in this case was found. In that case it was held that under the provision declaring that a conviction should not be had upon the testimony of the female seduced, unsupported by other evidence, supporting evidence was only required as to the promise of marriage and the carnal connection. It was also held that as to the promise of marriage the provision was satisfied by proof of circumstances which usually attend an engagement of marriage. As to the illicit intercourse and the immediate persuasion and the inducements which led the female to consent, evidence of opportunities more or less frequent and continued, and that the relations of the parties were such as to indicate that confidence and affection for the accused on the part of the female, which rendered it probable that the act might have been done, were sufficient. And it was held further that the fact that the prosecutrix, in her testimony, limited the carnal connection to a single act and specified the time, did not require that the supporting evidence should be confined to that particular time; if it covered a period, including the specified time, it was sufficient to meet the requirements of the statute, although there was no corroborative evidence as to

the particular act testified to.    See also Kenyon *v.* People,. 26 *N. Y.* 203 ; Crandall *v.* People, 2 *Lans.* 309 ; Boyce *v.* People, 55 *N. Y.* 644.

Thus, from an examination of the authorities, we find that the supporting evidence need only relate : (1) to the promise of marriage ; (2) to the carnal connection, and that the former may be established by proof of such circumstances as usually attend marriage engagements, the latter by proof of opportunities and relations of confidence and affection between the parties.

The supporting evidence given by the father and mother of the complainant tends to show that the defendant, before, after and at the time of the alleged seduction, was visiting the complainant as her suitor; that he called upon her three or four times a week and visited her evenings; that he invited her to go to this picnic; agreed to meet her at the pier; that he returned home with her that night; that after this he talked with her and her mother of their contemplated marriage ; that the time for its celebration was appointed ; that it was postponed and another day set ; that he was shown the dress the complainant proposed to wear at her prospective wedding.

This synopsis of the supporting evidence shows quite clearly, we think, that the principal witness was corroborated both as to the promise of marriage and as to the illicit intercourse, in accordance with the requirements of this statute, as construed by the courts of this State. We think the corroboration of the principal witness was sufficient to require the submission of the case to the jury.

This case was submitted to the jury on Saturday, July 9, 1887, at twenty-five minutes past twelve o'clock, P.M. This the appellant claims was error. His claim is based upon the provisions of chapter 289, Laws 1887, amending chapter 27, Laws 1875, as amended by chapter 30, Laws 1881, which makes Saturday after twelve o'clock, M., a half-holiday. The statute, so far as material to the question here involved, provided that " Such half days shall be con-

sidered as the first day of the week commonly called Sunday, and as public half-holidays for all purposes whatever as regards the transaction of business in the public offices of this State, or counties of this State. On all other days or half days, excepting Sundays, such offices shall be kept open for the transaction of business."

This provision is limited in its application. It relates only to the transaction of business in the public offices of the State, or counties of the State. The question presented is whether a court is a "public office" within the intent and meaning of this statute. It cannot be properly said, we think, that a court is a public office. A court is a tribunal established for the administration of justice. While a judicial officer may be a public officer, still, to speak of a court as a public office, would be to give to the term an unusual and extraordinary meaning. The words of a statute are to be taken in their ordinary and familiar signification and import, and regard is to be had to their general and proper use. Giving, then, to the words, "public offices of the State or counties of the State," their ordinary and familiar signification, they would not include a court. They obviously relate to the buildings or rooms occupied by officers of the State or county, who are required to keep public offices for the transaction of their business as such officers. This view is rendered quite manifest by the last sentence of the provision of the statute above quoted, " that on all other days or half days excepting Sunday, such offices shall be open for the transaction of business." If the claim that a court is a public office within the intent and meaning of this provision be correct, then, it must follow that by virtue of the last provision all courts of every grade and character are required to be kept open on all days, except Sundays and the days and half-days mentioned in the statute. Surely such was not the intent of the law. This statute, properly construed, does not, we think, prohibit the holding of courts after twelve o'clock, M., on Saturdays.

On the trial the defendant called his father as a witness.

On his cross-examination he was permitted to testify under the defendant's objection, that he gave $100 to Mr. Costello to give to the overseer of the poor. This ruling was excepted to. We think the evidence was admissible. The witness interrogated was a witness for his son. The people had a right to prove any act showing their real relations and the interest of the witness as bearing upon his credibility. It is always competent for a party to show the relations which exist between a witness and his adversary, and the party against, as well as the party for whom he is called. Starks v. People, 5 *Denio*, 106; Newton v. Harris, 6 *N. Y.* 345.

There are no other exceptions which require special consideration. There were, we think, no errors committed upon the trial which require or would justify a reversal of the judgment or the granting of a new trial herein.

The judgment and orders appealed from should be affirmed, and the judgment, as affirmed, remitted to the Court of Sessions of Onondaga county, to be carried into effect by that court.

HARDIN, P. J., and FOLLETT, J., concur.

The opinion of the Court of Appeals was as follows:

PECKHAM, J.—Under the objection and exception of the counsel for defendant, the court permitted the prosecution to prove that in August, 1886, the prosecutrix was delivered of a child at the county house. She had already testified that the promise of marriage had been made in July of the previous year, and the intercourse had taken place immediately thereafter, and upon the faith of such promise, and had continued frequently until the following December. The materiality of this evidence as to the birth of a child could only have been claimed upon the ground that it tended in some degree to support the evidence of the prosecutrix upon one of the two points upon which such support was necessary, viz., the promise of marriage, and the

intercourse following upon and on the faith of it. Authority for the admission of this evidence is claimed to exist in the case of Armstrong *v.* People, decided by this court, and reported in 70 *N. Y.* 38. In that case the promise of marriage was alleged to have been made in May, and the intercourse took place, on the faith of such promise, in the following August. The trial occurred in March of the next year; and the prosecution proved, by the female seduced, that, at the time of such trial, she was in the family way. It was held that such evidence was competent to be laid before the jury, as it proved that the woman, being unmarried, had had illicit intercouse with some one, which, under the evidence, must have taken place somewhere about the time she fixed as the time she had the intercourse with the defendant; and hence it must have tended, in some degree, to support her evidence. That case went to the limit, as it seems to me, of the principle upon which alone evidence of such a fact is admissible. It did show that the woman, being unmarried, had had illicit intercourse with some man, and in that way it supported her evidence as to a portion of the fact necessary to be proved, viz., that she had had such intercourse, and that it was with defendant, and not only that, but also (and herein consists its materiality) that the intercourse took place at about the time which she alleged she had had it with him. Upon the same principle, it would have been proper, if the trial had taken place after the birth, to have proved that fact, provided the birth had taken place within the usual period of gestation after the seduction. The fact alone of the birth would, of course, have no tendency to prove that the child was the result of the intercourse with the defendant; but, taken in connection with the other circumstances of the case, it might have at least some tendency to strengthen her evidence on the main point, that the intercourse was with him. It might be slight; but, in the language of FOLGER, J., in that case, it was a fact not incompetent to be laid before the jury.

In this case, however, another and a most material step

is taken.   The birth of the child was in August, 1886, and the physician in attendance swore it was a full-grown nine-months child; thus showing conception to have taken place as late as November, 1885, while the prosecutrix swore the seduction occurred on the 4th of the previous July.   What support is given to the evidence of the prosecutrix that she was seduced under promise of marriage on the 4th of July, 1885, by proving that she was delivered of a child thirteen months thereafter, or in August, 1886?   This fact simply proves that she had illicit intercourse with some one four months subsequent to the time when she swears that she was seduced under promise of marriage by the defendant. In the Armstrong case the evidence showed that the female had had intercourse with some one at or about the very time she alleged she had it with the defendant.   In this case it shows nothing of the kind.   It neither shows, or tends to show, that she had any intercourse with the defendant at the time she swears she was seduced, nor does it show, or tend to show, that she had such intercourse with any one at or about that time.   It is said that it is a most natural consequence of the seduction that the intercourse should have continued thereafter, as sworn to by the prosecutrix, and until it resulted in her pregnancy.   That is very likely true; but it does not advance us a step in the way of proving that the intercourse did commence in July.   If it did then commence, it may be admitted that it was very likely to have continued; but is it any, even the slightest proof that it did then commence, by proving that she had illicit intercourse with some one four months thereafter, which resulted in the birth of a child after the usual period of gestation?   In other words, is there any support given to the evidence of the prosecutrix as to the seduction by the defendant in July, 1885, by proof of this nature?   I cannot see that an affirmative answer can be given to either interrogatory.   How can it be said to support the evidence of the prosecutrix?   In the Armstrong case it did support her evidence, by showing that, at or about that very time when

she swore she was seduced, she had illicit intercourse with some one. Suppose she had not been pregnant? In such case there might have been no proof that she had ever had connection with any man, and her whole story might, in that event, have been entirely unsupported. Of course, we do not mean to intimate that no conviction can be had, under the statute, unless pregnancy follows the seduction. But it might be much more difficult to support the evidence of the female alleged to have been seduced if no such result followed. . The evidence given did, however, support her story so far as to show that she had had intercourse with some man, and as to the time at which it took place; while other evidence in the case may have supported her story that she had the intercourse at that very time with the defendant. But in this case the evidence does not even tend to the support of her story that she had intercourse with the defendant on the 4th of July, 1885, under promise of marriage, because it does not tend to show that she had such intercourse at that time, or about that time, with any man. It is not a case where the prosecutrix may have been deceived or mistaken as to her dates, so that she ought not to be held to the very day, or even week, on or in which she placed the seduction. This is an affair of months, and there is no claim of any mistake as to date, occasion, or place. The crime was committed, if at all, on the 4th of July, 1885.

We think it was error to admit this evidence. In Boyce *v.* People, 55 *N. Y.* 644, it seems to have been assumed that if evidence of this nature had been objected to, and admitted under objection and exception, it would have been error. The error was saved because the evidence was not objected to, and the prosecution stated that no reliance was placed on it as being corroborative in any degree of the prosecutrix, and therefore the refusal to strike it out was not error, as there was no strict right to have it stricken out when it came in without objection. We fully realize the truth of the proposition that evidence in corroboration of

the prosecutrix, in this class of cases, upon the points where corroboration is necessary,—viz., the seduction and the promise of marriage,—is not very easily obtainable. For that reason it has been held that only such corroboration as, in the natural and ordinary course of events, these facts are capable of, is to be required. But this rule cannot be construed to allow evidence of a fact which does not in the least tend to support the evidence of the prosecutrix upon the two points which require it. That the evidence in this case, of the nature herein commented on, was of a very dangerous and probably highly injurious character and tendency, we think admits of no controversy. The crime is a most atrocious one, and one which must naturally tend to enlist the sympathies of all men, and of course of jurors, in favor of the victim. In such cases, while administering the law with perfect fairness, courts must be extremely careful that no evidence of a tendency to excite or influence the resentment of jurors, and which does not tend to support the evidence of the prosecutrix, or to connect the defendant with the commission of the crime, should be permitted to go to the jury. Cases are cited by the counsel for the people where, under indictments for adultery (where that act is made a crime, in some of the States), evidence of intercourse between the parties, or even acts of familiarity between them, prior and subsequent to the time when the adulterous act is alleged to have been committed, is competent as tending to prove such act at the time laid. The cases are not at all analogous, and the same principle does not govern. If evidence had been given in this case tending to show or showing that the defendant had had intercourse with the prosecutrix subsequent to the time when she alleged she was seduced, it might have been admissible upon the principle decided in those cases. Such evidence was given in this case by the female herself, who swore to frequent intercourse up to December, 1885, with the defendant. But the fact that the prosecutrix had a child thirteen months after her alleged seduction by defendant did not

show, or tend to show, illicit intercourse with him subsequent to the alleged seduction, which would have to be the case to make it parallel with the cases cited by the counsel for the people. Nor did it, as we have attempted to show, tend to prove that she was seduced in July, 1885, by the defendant.

As the case must go back for a new trial, we think it proper to state that, in our judgment, no new principle, as to the evidence required in support of an indictment in such a case as this, was promulgated by the decision in People *v.* Plath, 100 *N. Y.* 590 ; 4 *N. Y. Crim. Rep.* 53, as seems to have been assumed by the counsel for the defendant herein. It was held in that case that the corroboration must be upon all the points which go to make up the crime (in that case, abduction for the purpose of prostitution), and that in that case corroboration was necessary as to the taking, as well as to the purpose for which the taking occurred. Here the defendant's counsel argues that this decision makes it necessary to corroborate the prosecutrix, not only upon the question of the promise and the seduction, but also upon those of the previous chaste character of the female seduced, and that she was unmarried. This court has held that the offense really consisted in the seduction under a promise of marriage, and that the character and condition of the female simply identified the kind of person whom the statute had in view, and whose purpose it was to protect. Supporting evidence never was, and is not now, required on these points. See Kenyon *v.* People, 26 *N. Y.* 203. The cases are perfectly consistent. But, for the reasons already given, this judgment must be reversed, and a new trial ordered.

ANDREWS, EARL, and GRAY, JJ., concur. DANFORTH and FINCH, JJ., dissent. RUGER, Ch. J., not voting.

NOTE ON SEDUCTION UNDER PROMISE OF MARRIAGE.

**What is Seduction.**—Whether one is guilty depends upon the facts in each case. There is no legal standard by which to measure

the artifices, etc., necessary to constitute seduction.    State *v.* Fitzgerald, 63 *Iowa*, 268.

There may be seduction although the prosecutrix willingly consented to familiarities such as would shock the sense of propriety of persons in a higher or different station of life.    State *v.* Brinkhaus, 34 *Minn.* 285.

As to sufficiency of evidence, see People *v.* Eckert, 2 *N. Y. Crim. Rep.* 470.

**The Promise.**—The promise of marriage, arts, and deceptions must sustain a relation to the accomplished purpose of seduction. There must be the relation of cause to effect.    Carney *v.* State, 79 *Ala.* 14; Phillips *v.* State, 118 *Ind.* 406.

The promise cannot be proved by evidence of attentions and of expressions of contrition for the seduction and by a promise, made after the seduction, to marry the girl after a time.    If the promise is the inducing cause, it need not be shown that it was made or repeated at the time of the illicit intercourse.    State *v.* Brassfield, 81 *Mo.* 151.

A promise of marriage on the condition of intercourse resulting in pregnancy, is an offense within the statute.    People *v.* Hustis, 2 *N. Y. Crim. Rep.* 448.

The promise may be implied from the language used.    State *v.* Brinkhaus, 34 *Minn.* 285.

**The Corroboration.**—Proof that the parties kept company together and acted as lovers is sufficient corroboration.    State *v.* McClintic (Ia.), 35 *N. W. Rep.* 696.

Evidence of such circumstances as usually accompany the marriage engagement is sufficient corroboration.    State *v.* Hill, 91 *Mo.* 423.

Evidence corroborated the testimony of the prosecutrix of the defendant's visits to her, and that at such time she was alone with her until a late hour in the night.    A witness testified that he had had a conversation with the defendant in which he stated that he had fixed the girl up as the report was ; that he would not marry her, and was going away.    *Held,* that the jury had a right to infer that the conversation with this witness referred to the prosecutrix, and the evidence was sufficient to warrant conviction.    *Id.*

The relation between a man, and a woman living in the same house with his mother and himself, as a friend and sort of housekeeper of his mother, does not tend to show that the man, who had paid her but little attention, had gotten control of her affections, or that he had so far paved the way for a proposition of marriage as to corroborate her testimony on the trial that she yielded to him under a promise of marriage, when it appears that the promise was made

Note on Seduction.

for the first time in the midst of a physical struggle of five minutes' duration for such intercourse. State v. Richards, 72 Iowa, 17.

The testimony of the prosecutrix is sufficiently corroborated when it is shown that only the defendant, to whom she was engaged, kept company with her, that they were often alone at night, that the child was born in the usual time after the alleged intercourse, and it is not intimated that she was of doubtful character as to chastity. State v. Heatherton, 60 Iowa, 175.

See also, ADMISSIONS, infra.

Admissions.—Evidence is admissible that the defendant boasted to his friends that he had had illicit intercourse with the prosecutrix, as tending to show not alone the illicit connection, but also, in view of the circumstances under which the admissions were made, the deceptive practices by which it was brought about. State v. Hill, 91 Mo. 423.

The testimony of the matron of a hospital as to admissions made by defendant, who had caused the prosecutrix to be taken to a lying-in hospital where she was confined, that he seduced her, and that she had previously been respectable, and that he intended to marry her, is competent to corroborate the testimony of the prosecutrix. Hausenfluck v. Commonwealth (Va.), 8 S. E. Rep. 683.

Admissions of Prosecutrix.—Conduct or words of the prosecutrix after the alleged seduction can be considered in determining whether her previous character was chaste or unchaste, and her subsequent declarations or admissions as to prior practices would be admissible to show prior unchastity. State v. Clemons (Iowa), 42 N. W. Rep. 562.

Birth of Child.—Evidence that the prosecutrix had given birth to a child is admissible although the defendant is not immediately connected therewith in the evidence. Cunningham v. State, 73 Ala. 51; State v. Clemons (Iowa), 42 N. W. Rep. 562.

See also State v. Heatherton, 60 Iowa, 175; and Hausenfluck v. Commonwealth (Va.), 8 S. E. Rep. 683.

The child alleged to be the result of the intercourse may be exhibited to the jury to corroborate the fact of the sexual intercourse. State v. Horton, 100 N. C. 443.

Proof that the Seduced Female was Unmarried.—Evidence which shows that the woman lived with her father and bore his name, that she had received the addresses of the defendant for more than three years, and that a marriage engagement existed between them when the crime was committed, is sufficient to warrant the jury to find that the woman is unmarried. State v. Heatherton, 60 Iowa, 175.