PEOPLE v. BUTLER.

(Supreme Court, Appellate Division, Fourth Department. November 20, 1900.)

RAPE—CORROBORATING EVIDENCE—TESTIMONY OF PHYSICIAN.

    Pen. Code, § 283, provides that there can be no conviction for rape on the testimony of the prosecutrix, unsupported by other evidence. *Held*, that the introduction of the evidence of a physician, on a trial for rape, in corroboration of the prosecuting witness, that, from an examination made of the person of the prosecutrix 20 months after the alleged crime, it was evident that she was not a virgin, constituted reversible error.

Appeal from trial term, Oneida county.

Martin E. Butler was convicted of rape, and he appeals. Reversed.

On the 21st day of October, 1896, the grand jury of the county of Oneida indicted the defendant for the crime of rape in the second degree, alleged to have been committed in the town of Vernon, in said county, upon one Jennie E. Clinch, on the 30th day of August, 1896; she then being under the age of 18 years, to wit, the age of 17 years. On said 21st day of October, 1896, the defendant was arraigned upon the indictment and pleaded "Not guilty," and an order was made by the supreme court sending the indictment to the county court of the county of Oneida for trial. The trial commenced on the 28th day of February, 1898, and was concluded on the 16th day of March following, at which time the jury rendered its verdict, finding the defendant guilty of the crime as charged in the indictment. Thereupon the judgment appealed

from was entered, and on the 26th day of March, 1898, the defendant was sentenced to the state prison at Auburn for seven years and two months.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

J. I. & A. F. Sayles, for appellant.
Timothy Curtin, Dist. Atty., for the People.

McLENNAN, J. The record contains a great mass of evidence bearing more or less directly upon the question of defendant's guilt. Jennie E. Clinch, the prosecutrix, was called as a witness by the prosecution, and her evidence is chiefly relied upon to sustain the judgment of conviction. Much of the testimony given by her is of such a character as to cast suspicion upon its truthfulness, and is hardly consistent with many of the circumstances disclosed by the evidence. After a careful examination of the entire evidence, while we are not fully satisfied as to the guilt of the defendant, we are of the opinion that it was of such a character as to require the question of defendant's guilt to be submitted to the jury, and, unless error was committed prejudicial to the defendant during the progress of the trial, we would not be disposed to reverse the judgment, especially in view of the fact that no motion for a new trial was made by the defendant upon the minutes of the court. It will therefore be unnecessary to refer in detail to the evidence, or at all, except in so far as it may be essential to the proper understanding of the alleged grounds of error urged by the appellant.

As we have seen, the defendant was indicted for the crime of rape in the second degree, for having had sexual intercourse with the prosecutrix, Jennie E. Clinch, on the 30th day of August, 1896. She was called as a witness by the people, and testified that such intercourse took place on that day. She also testified, under defendant's objection, that the defendant first had sexual intercourse with her in July, 1895, and that it occurred frequently thereafter until the latter part of September, 1896, and after the date when the crime charged in the indictment is alleged to have been committed. For the purpose of corroborating the testimony of the prosecutrix, which is necessary, under section 283 of the Penal Code, which provides, "No conviction can be had for abduction, compulsory marriage, rape, or defilement, upon the testimony of the female abducted, compelled or defiled, unsupported by other evidence," the prosecution was permitted to prove, under defendant's objection and exception, by one Dr. Seymour, that during the time of the trial, a year and eight months after the alleged crime was committed, he made an examination of the person of the prosecutrix, and to state the results of such examination. The witness testified upon direct examination:

"I examined the genital organs with the special object of ascertaining whether she had ever had any interference with them. They did not have the appearance of the genital organs of a virgin. Q. Describe what you found. What reasons have you for saying that they had not the appearance of the genital organs of a virgin? A. I examined the vagina. It was large and relaxed, for a person of her age and size. The labia or external parts of the vagina were relaxed. The hymen did not appear. There were remnants of it apparent. The hymen was ruptured."

On redirect examination of the witness the further question was asked by the district attorney:

"Q. The conditions you found there upon your examination of this girl,— all of them were compatible with the fact that she had had sexual intercourse? A. They were."

This evidence, and all of it, was objected to by the defendant's counsel, over and over again, upon the ground that it was incompetent, improper, irrelevant, and immaterial, and not connected in any way with August 30, 1896, and also upon the ground that it was confidential and privileged, that the privilege had not been waived, and that no foundation had been laid for the evidence. The objection in each case was overruled, and an exception to the ruling of the court duly taken. We think the reception of this evidence was error. The only legitimate purpose of the testimony was to corroborate the statement of the prosecutrix that the defendant had sexual intercourse with her on the 30th day of August, 1896. Did it in the slightest degree tend to establish that fact? The evidence objected to, if true, and if given all the force which can be legitimately claimed for it, simply established the fact that some time prior to the examination, which was 20 months after the alleged crime was committed, the prosecutrix had had sexual intercourse with some one. Whether 6 weeks before the trial, or 6 years, is in no manner indicated, and could not be. Whether sexual intercourse was indulged in by the prosecutrix at or about the time of the commission of the alleged crime was not and could not be discerned by such examination, and it cannot be pretended that the evidence of the physician gave any information upon that proposition. Yet the inference is sought to be drawn from the evidence (and such was clearly the purpose in introducing it) that prior to the time of the trial the prosecutrix had had sexual intercourse with some one, and therefore it is probable that the defendant had sexual intercourse with her 20 months before. The only fact as to which corroborating evidence was necessary or competent was the fact that the defendant had had sexual intercourse with the prosecutrix on August 30, 1896. If the evidence objected to tended to prove that the defiled female had had illicit intercourse with some one at about the time when the crime was alleged to have been committed, it would undoubtedly have been competent, under the decision of the court of appeals in the case of Armstrong v. People, 70 N. Y. 38. In that case proof was admitted showing that the female seduced, at the time of the trial, was in the family way. The evidence was held to be competent because in that case it appeared that her condition of pregnancy was such that she must have had sexual intercourse with some one at about the time the alleged crime was committed. In commenting upon the decision in that case, Judge Peckham, in the opinion of the court in People v. Kearney, 110 N. Y. 188–191, 17 N. E. 736, said:

"That case went to the extreme limit, as it seems to me, in the admission of such evidence. It might be slight, but, in the language of Folger, J., in that case, it was a fact not incompetent to be laid before the jury."

In the case at bar the evidence had no such force or significance. It undoubtedly would have been competent for the defendant to have proved that the genital organs of the prosecutrix at the time of the trial were in such condition as to indicate that she was then a virgin, and if such testimony had been believed the defendant would have been exonerated. But the converse of the proposition by no means follows. The fact that at the time of the trial the prosecutrix was not a virgin in no way casts suspicion or blame upon the defendant, because, as we have seen, it does not in any manner indicate when such condition first existed, or who is responsible for it. The bare statement of the proposition conclusively demonstrates its incompetency as evidence: A person on trial for rape. Offer to prove that the prosecutrix, 20 months after the commission of the alleged crime, is not a virgin, for the purpose of corroborating her statement that she was raped by the defendant 20 months before. But further discussion of the question is unnecessary, in view of the decision of the court of appeals in People v. Kearney, supra, which we think is decisive upon the question here involved, and because the reasons assigned by the court for a reversal of the judgment of conviction in that case apply with even greater force to the case at bar. In that case the defendant was indicted for seduction under promise of marriage, alleged to have taken place in July, 1885. Under objection and exception by defendant's counsel, the court permitted the prosecution to prove that in August, 1886, 13 months after the alleged seduction, the prosecutrix was delivered of a child which was fully developed. The admission of the evidence was held to be error, and for such error alone the judgment of conviction was reversed. In that case the court said, per Peckham, J.:

"The materiality of this evidence as to the birth of a child could only have been claimed upon the ground that it tended in some degree to support the evidence of the prosecutrix upon one of the two points upon which such support was necessary, viz. the promise of marriage, and the intercourse following upon the faith of it. * * * The birth of the child was in August, 1886, and the physician in attendance swore it was a full-grown nine-months child, thus showing conception to have taken place as late as November, 1885, while the prosecutrix swore the seduction occurred on the 4th of the previous July. What support is given to the evidence of the prosecutrix that she was seduced under promise of marriage on the 4th of July, 1885, by proving that she was delivered of a child thirteen months thereafter, or in August, 1886? This fact simply proves that she had illicit intercourse with some one four months subsequent to the time when she swears that she was seduced under promise of marriage by the defendant. In the Armstrong Case the evidence showed that the female had had intercourse with some one at or about the very time she alleged she had it with the defendant. In this case it shows nothing of the kind. It neither shows nor tends to show that she had any intercourse with the defendant at the time she swears she was seduced, nor does it show or tend to show that she had such intercourse with any one at or about that time. It is said that it is a most natural consequence of the seduction that the intercourse should have continued thereafter, as sworn to by the prosecutrix, and until it resulted in her pregnancy. That is very likely true, but it does not advance us a step in the way of proving that the intercourse did commence in July. If it did then commence, it may be admitted that it was very likely to have continued; but is it any—even the slightest—proof that it did then commence, by proving the birth of a child thirteen months thereafter? In other words, is there any support given to the evidence of the prosecutrix as to the seduction by the defendant in July, 1885, by proof of

this nature? I think not. How can it be said to support her evidence? It does not tend to the support of her story that she had intercourse with the defendant on the 4th of July, 1885, under promise of marriage, because it does not tend to show that she had such intercourse at that time, or about that time, with any man."

With equal force it may be said that the evidence of the physician in the case at bar does not tend to the support of the story of the prosecutrix that she had intercourse with the defendant on the 30th day of August, 1896, because it does not tend to show that she had such intercourse at that time, or about that time, with any man. We think the evidence was clearly prejudicial to the defendant, especially when we consider that it was emphasized by the county judge in his charge to the jury. He said:

"It is not my duty to say to you whether the evidence of Jennie Clinch is supported or not. That is a question for you. But there is evidence in this case which, if believed by you, may be regarded as supporting her evidence. But it is a question for you to say whether it corroborates and supports her testimony, and, if so, to what extent. You have the evidence of the physician who testified to the physical condition of the complainant. While the conditions described by him may have been produced by other acts than sexual intercourse, and by other causes, yet, if that evidence is believed and credited by you, it may be regarded as some evidence bearing upon that question."

The crime charged in the indictment is a most atrocious one, and one which most naturally tends to enlist the sympathies of all men, and, of course, of jurors, in favor of the victim. In such cases, where, as a rule, the accused has no weapon of defense except his own uncorroborated denial, the courts should be extremely careful that no evidence of a tendency to excite or influence the resentment of jurors, and which does not tend to support the evidence of the prosecutrix, or to connect the defendant with the commission of the crime, should be permitted to go to the jury. The foregoing is substantially the rule laid down by the court in People v. Kearney, supra, and the admission of the evidence in the case at bar clearly falls within its condemnation. To say the least, a close question of fact was presented by the evidence, much of which was contradictory, and some of which disclosed a state of facts which are strange and unnatural. Under such circumstances, and considering the nature of the charge, the defendant was entitled to a trial conducted in strict conformity to the rules of law,—at least, in such manner as that incompetent evidence should not be placed in the balance against him. Such a trial, we are constrained to hold, was not had by the defendant in this case, because of the admission of the evidence herein commented on, and therefore the conclusion is reached that the judgment appealed from should be reversed.

Judgment and conviction reversed, and the case remitted to the county court of Oneida county, pursuant to section 547 of the Code of Criminal Procedure. All concur.