### PEOPLE v. SWASEY.

(Supreme Court, Appellate Division, First Department. December 5, 1902.)

1. ABDUCTION—TESTIMONY OF FEMALE—CORROBORATION—SUFFICIENCY—TESTIMONY OF PHYSICIAN.

Code Cr. Proc. § 282, subd. 1, makes it abduction to harbor or receive a female under 18 years of age for the purpose of sexual intercourse. Pen. Code, § 283, provides that on a prosecution for abduction no conviction shall be had on the unsupported testimony of the female. On a prosecution for abduction a physician testified that 12 days after the alleged offense he examined the girl, and that she had had sexual intercourse. He was unable to state when it occurred. No evidence was given as to her conduct between the alleged offense and the examination. She testified that for several years prior to the alleged offense she had led an immoral life, and had had sexual intercourse several times. *Held*, that the evidence of the physician did not amount to corroboration of her testimony.

2. SAME—PREJUDICIAL ERROR.

It cannot be presumed that the admission of such evidence was harmless.

3. SAME—CORROBORATION—SUFFICIENCY.

The prosecutrix and another girl testified that on a Sunday morning, after remaining several hours in defendant's rooms, they and defendant went to a dry goods store, where defendant made purchases for them. A saleswoman employed in the store testified that upon a Sunday morning—what month or day of the month she could not positively state—two girls came to the store with a young man, who purchased a waist and a pair of stockings, and that she recognized the girl claimed to have been with accused and prosecutrix as one of the girls. She did not identify the defendant as the man who came into the store with the two girls or made the purchases, nor did she describe the man who did come. *Held*, that the testimony should have been stricken, as it did not corroborate the prosecutrix or her companion.

Appeal from court of general sessions, New York county.

John M. Swasey was convicted of abduction, and he appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Charles E. Le Barbier, for appellant.
Robert C. Taylor, for the People.

McLAUGHLIN, J. The indictment charged the defendant with having committed three crimes: (1) Rape in the second degree; (2) assault with intent to rape; and (3) abduction, under subdivision 1 of section 282 of the Code of Criminal Procedure. At the trial, at the conclusion of the people's case, upon motion of defendant's counsel, the district attorney was required to elect upon which

count in the indictment he would ask for a conviction. He did so, and stated that he would go to the jury upon the third count, abduction. The trial proceeded, and the defendant was found guilty of that crime, for which he was sentenced to imprisonment for a term of not less than four years nor more than four years and five months. He has appealed from the judgment of conviction and from an order denying a motion for a new trial and in arrest of judgment.

We are of the opinion that the judgment appealed from should be reversed, and, having reached that conclusion, it is unnecessary to state in detail the facts, many of which are revolting in their nature, further than to point out the errors committed which require a new trial. The third count in the indictment, under which the defendant was convicted, charged that he, on the 27th day of April, 1892, received, harbored, and employed, for the purpose of sexual intercourse, one Florence Killeen, she at the time being under 18 years of age. Upon the trial it appeared from the testimony on the part of the people that the defendant occupied, in connection with one Edwards, certain rooms in a building in the city of New York; that on the evening of the 26th of April, 1892, the complaining witness, Florence Killeen, then under 18 years of age, and two other girls, of about the same age as herself, went to the defendant's rooms, and remained there until half past 10 o'clock, when they left, but it is not claimed that anything occurred at this time which justified a conviction; that between 12 and 1 o'clock of the following morning the complainant and one of her companions returned to the defendant's rooms, asked to be and were admitted, and remained there several hours. It is unnecessary to state what there took place, if the testimony of the complainant and her companion is to be believed, further than it is sufficient to justify the jury in convicting the defendant of the crime charged. The defendant admitted that the girls were in his rooms on the evening of the 26th, but denied that any of them returned to or were in his rooms on the 27th. The character of the complainant and the companion, who it is claimed returned with her to the defendant's rooms on the morning of the 27th, as developed upon their cross-examination, was bad, and to such a degree that the same might properly be considered as bearing upon the credibility of the testimony given by them, and especially so when considered in connection with the testimony of the defendant, whose character prior to the charge here made against him appeared to have been uniformly good. The learned district attorney, appreciating that a conviction could not be had upon the uncorroborated testimony of the complainant (section 283, Pen. Code), sought to establish such corroboration in several ways. First. He produced a physician, who was permitted to testify, against defendant's objection and exception, that 12 days after the offense was alleged to have been committed he examined the person of the complaining witness, and as a result of that examination was able to state that she had previously thereto had sexual intercourse, but he was unable to state when that had taken place; that it might have been prior to the 27th of April, 1892, and it might have been intermediate that date and the time of the examination. No evidence whatever was given as to where the com-

plainant had been, or what her conduct was, during that time; and she herself testified that for several years prior to the 27th of April she had led an immoral life, and had prior thereto several times had sexual intercourse. These facts appearing, the testimony of the physician did not corroborate the testimony of the complainant in the slightest degree, or tend to show that the defendant was guilty of the crime charged against him. The court, therefore, erred (1) in receiving this testimony, and (2) in not striking it out on defendant's motion; and it cannot be assumed on this appeal that it did not injure the defendant. People v. Wood, 126 N. Y. 249, 27 N. E. 362; Brauer v. City of New York, 74 App. Div. 212, 77 N. Y. Supp. 602. Second. The complainant testified, and she was corroborated in some respects by her companion, Annie Blood, that, after remaining in the defendant's rooms several hours on the morning of the 27th of April, the defendant went with them to a dry goods store, and there purchased for them certain articles of wearing apparel. This the defendant denied, and, to establish that their statements were true, the learned district attorney called a saleswoman employed in the store where it was claimed the goods were bought. This saleswoman testified that upon a Sunday morning—what month or day of the month she could not positively state—two girls came to the store with a young man, who purchased a waist and a pair of stockings, and that she recognized Annie Blood as one of the girls. She did not identify the defendant as the man who came into the store with the two girls or made the purchases. She did not describe the man who did come, and there was nothing in her testimony from which the jury could even infer that it was the defendant. The defendant moved that the testimony of this witness be stricken out. The motion was denied, and an exception taken. We think this motion should have been granted. The testimony of the saleswoman did not connect the defendant with the commission of the crime charged, nor did it tend to corroborate in any degree whatever the testimony of the complaining witness, or her companion, Annie Blood. The fact that they went to the store, and made purchases, in company with a man, did not corroborate their statement that that man was the defendant. If it did, then it is not difficult to see how easy it would be for a witness to manufacture evidence which would corroborate statements thereafter made. Corroborative evidence, whether consisting of acts or admissions, must be of such a character as tends to prove to some extent the guilt of the accused by connecting him with the crime charged in the indictment. People v. O'Sullivan, 104 N. Y. 481, 10 N. E. 880, 58 Am. Rep. 530; People v. Kearney, 110 N. Y. 188, 17 N. E. 736; People v. Page, 162 N. Y. 272, 56 N. E. 750. This testimony did not do that, and for that reason, as already said, defendant's motion to strike it out should have been granted. Upon a careful consideration of the whole case, therefore, we are of the opinion that justice demands there shall be a new trial.

Judgment appealed from reversed, and a new trial ordered. All concur.