THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM SALVATORE MUGNO, Appellant.— Defendant appeals from a judgment convicting him of the crime of seduction under promise of marriage. Judgment of the County Court of Queens County reversed on the law and the facts and a new trial ordered. The conduct of the trial judge during the presentation of the proofs and the error in the charge prejudiced the defendant in a substantial way. The cross-examination of the complaining witness was unduly limited. In a case of this kind it is important that the jury should know something about the character and previous history of the complaining witness. In an attempt to develop this feature of the case the attorney for the defendant was frequently rebuffed. The record is replete with instances of the trial judge unduly interjecting remarks and his opinion concerning the character and value of the proof offered and to be offered. This court cannot approve the language of the charge at folios 346 and 347, which necessarily and inevitably prejudiced the defendant. Lazansky, P. J., Johnston and Adel, JJ., concur; Hagarty, J., concurs as to reversal of the judgment but dissents as to granting a new trial and votes to dismiss the indictment, with the following memorandum: There was no evidence corroborative of the testimony of the complaining witness of the carnal relationship on the 10th day of June, 1937, as charged in the indictment. The fact that the complaining witness gave birth to a child on the 6th day of December, 1938, eighteen months after the claimed seduction, is not competent proof of the commission of the crime by this defendant on the 10th day of June, 1937. (*People* v. *Kearney*, 110 N. Y. 188.) While it is true that the court cautioned the district attorney when he stated his intention to offer direct proof of the birth of the child, nevertheless the question was subsequently put and answered. The belated objection did not save the

situation. The birth of the child permeated this entire record from the opening by the district attorney to the charge of the court, both inclusive, and could have had no bearing on the issue other than to prejudice the jury against the defendant. Taylor, J., concurs with Hagarty, J.