STATE v. HEATHERTON.

1. **Seduction**: VERDICT: EVIDENCE TO SUPPORT. On a trial for the seduction of an unmarried woman, evidence which shows that the woman lived with her father and bore his name, that she had received the addresses of the defendant for more than three years, and that a marriage engagement existed between them when the crime was committed, *held* sufficient to warrant the jury in finding that the woman was unmarried. ADAMS, J.—*dissenting*.

2. ———: RULE OF LAW: SEDUCTIVE ARTS. Sexual intercourse must be accomplished by false promises, artifices or deception, to constitute the

State v. Heatherton.

crime of seduction. But in this case, where the defendant promised to marry the prosecutrix, and assured her that the act would not be wrong in view of the fact that they were soon to be married, the use of seductive arts sufficiently appears.

3. ———: CORROBORATING TESTIMONY. The testimony of the prosecutrix for seduction is sufficiently corroborated when it is shown that the defendant kept company with her, that she received the attentions of no other man, that she and defendant were often alone at night, that the marriage engagement existed between them, that the child was born within the usual time after the alleged intercourse, and it is not intimated that she was of doubtful character as to chastity, or that there is ground for suspecting that any other man is father of the child.

4. **Instructions:** REPETITION NOT REQUIRED. It is no valid objection to an instruction that it does not embody the whole of the law relating to the case, when the portion omitted is fully presented in an instruction already given.

5. **Seduction:** FLIGHT OF DEFENDANT: INSTRUCTION. An instruction to the effect that the jury were authorized to consider the flight of defendant after the intimation of a prosecution against him, was sufficiently warranted by the evidence, which showed that a brother of the prosecutrix had informed the defendant that he would have trouble if he did not fix up the matter, and that the next day defendant fled the State.

6. ———: PUNISHMENT NOT EXCESSIVE. Where the crime of seduction is aggravated by such circumstances as appear in this case (see opinion), a sentence of four years in the penitentiary cannot be considered excessive.

*Appeal from Fayette District Court.*

SATURDAY, DECEMBER 9.

THE defendant was convicted upon an indictment charging him with the seduction of a woman of previously chaste character. He now appeals to this court.

*Ainsworth & Hobson* and *James H. Shields*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

BECK, J.—I. Under the statutes of the State (Code, § 3867), the seduction of an unmarried woman of previously chaste character, is a crime punished by imprisonment in the penitentiary, or by fine and imprisonment in the county jail. Counsel for the

1. SEDUCTION: verdict: evidence to support.

State v. Heatherton.

defendant insist that the proof in this case fails to show that. the prosecutrix was an unmarried woman, and that for this reason, the verdict is not supported by the evidence.

We think, while the evidence does not contain the testimony of any witness disclosing in terms that plaintiff was unmarried, there is ample evidence authorizing the jury to find that fact. It is shown that she lived with her father and bore his name; that she had received the addresses of defendant for more than three years, and that a marriage engagement existed between the parties when the crime was committed. The defendant in his testimony admits this engagement, and there is no proof tending to show that the woman was ever married. Surely, upon this evidence, the jury were required to find that she was an unmarried woman. In an instruction the court directed them substantially that they must so find in order to authorize the conviction of defendant.

II. Sexual intercourse must be accomplished by false promises, artifices or deception, to constitute the crime of

2.——: rule of law: seductive art. seduction. *Smith v. Milburn*, 17 Iowa, 30; *Delvee v. Boardman*, 20 Id., 446; *Brown v. Kingsly*, 38 Id., 220.

Counsel for defendant insist that there is no evidence bringing the case within this rule. We are of a different opinion. The prosecutrix testifies that at the time of the intercourse defendant promised to marry her, and assured her that the act would not be wrong, in view of the fact that they were so soon to be married. She uses this language in her testimony: "I yielded to him because he promised to marry me, and it seemed to him if I would not, I intended to marry some one else." Surely this evidence establishes the use of seductive arts on the part of defendant, which brings the case within the rule above announced.

III. In our opinion, the evidence of the prosecutrix is sufficiently corroborated. The defendant, it is shown, "kept

3.——: corroborative testimony. company" with the prosecutrix, and she received the attentions and addresses of no other man; she

and defendant were often alone together at night; the marriage engagement existing between them is admitted by defendant; a child was born within the usual time after the intercourse, as testified to by the prosecutrix, and it is not intimated that she was of doubtful character as to chastity, or that there is ground for suspecting that any other man is the father of her child. Unless evidence of this character is regarded as corroboration of the prosecutrix, it would be vain to claim that her testimony could be corroborated. The crime which her evidence shows, as always happens in such cases, was perpetrated in secrecy; the act of defendant and the artifices he used were known only to him and his victim. No evidence in corroboration of the woman's testimony, of a character stronger than appears in the case, could be offered in ordinary cases. See *State v. Wells*, 48 Iowa, 671. An instruction, the 7th, clearly expresses the rule relating to corroboration which we have above expressed.

IV. The court directed the jury that "acts of sexual intercourse with an unmarried woman, to which the assent was obtained by promise of marriage at the time, to which, without such promise, she would not have yielded, constitute the offense." An objection to this instruction is based upon the ground that it leaves out of view that the woman must have been of previously chaste character. But the preceding instruction clearly expresses the requirement of law upon this point. It was not necessary to repeat it.

4. INSTRUCTION: repetition not required.

V. An instruction to the effect that the jury were authorized to consider the flight of defendant after threats, or an intimation, that a prosecution would be instituted against him, is questioned, on the ground that the evidence does not show a prosecution was threatened. The objection, whatever may be its weight, is not founded in fact. It is shown that a brother of the prosecutrix did have an interview with defendant, in which he intimated that defendant would have "trouble" if he did not "fix up" the mat-

5. SEDUCTION: flight of defendant: instruction.

State v. Heatherton.

ter. The next day the defendant fled the State, and was not found by the officer who had a writ for his arrest.

VI. By the judgment of the District Court, defendant was sentenced to four years confinement in the penitentiary. 6. ——: punishment not excessive. It is insisted that the punishment is excessive. The extreme limit of punishment, for the crime of which defendant was convicted, is confinement in the penitentiary for five years. We are not inclined to interfere with the judgment of the District Court. The defendant committed the crime under the aggravating circumstances of gaining the affections and confidence of his victim by long protracted addresses and promise of marriage. After ruining the character of his victim and destroying her peace for life, he brutally violated his vows, and sought to justify to his friends his abandonment of the woman by alleging that he is not the father of the child, yet fails to offer any evidence tending to support the crime charged against her. The punishment awarded him by the District Court is light compared to the torture he has inflicted upon the woman, whose heart he won only to crush it. His cry for mercy ought not to be heard.

AFFIRMED.

ADAMS, J., dissents to the foregoing opinion on the ground that he thinks there was no evidence tending to show that the prosecutrix was an unmarried woman.