[No. 20847. In Bank. — January 22, 1892.]

THE PEOPLE, RESPONDENT, v. MARTIN KRUSICK, APPELLANT.

CRIMINAL LAW — SEDUCTION UNDER PROMISE OF MARRIAGE — ELEMENTS OF OFFENSE — PROOF REQUIRED. — In order to convict a defendant charged with the crime of seducing an unmarried female of previously chaste character under promise of marriage, it is necessary for the prosecution to prove that the person seduced was an "unmarried female of previous chaste character," and that she consented to sexual intercourse with the defendant upon the sole consideration of his promise to marry her; and unless all of these elements are established by competent evidence, the crime is not proved.

ID. — "UNMARRIED FEMALE" — FAILURE OF PROOF. — Upon the prosecution of a defendant charged with such offense, the fact that the prosecutrix was an "unmarried female" is an essential element of the crime, and, being a fact peculiarly within her own knowledge, must be proven directly and affirmatively, else a conviction of the defendant is unauthorized; and the fact that some of the witnesses in their testimony referred to her as "girl," "young lady," and "Miss," and that she stated that the defendant promised to marry her, or that he made arrangements to marry her, furnishes no evidence to justify a finding that she was unmarried.

ID. — PREVIOUS CHASTE CHARACTER — QUESTION OF FACT — ASSOCIATION WITH REPUTABLE PEOPLE — PRESUMPTION — INSTRUCTION — PROVINCE

OF JURY. — An instruction to the jury to the effect that the prosecutrix, by testifying that she lived and associated with certain people, whose names she stated, thereby "established" her previous chaste character, because the presumption of law is that those persons were respectable and reputable people, is erroneous. Her previous chaste character is a fact to be determined by the jury from all the evidence before it, and the effect of such an instruction is to take from the jury all consideration of any other evidence than that referred to in it; and even if it were. proved that she lived and associated with reputable people, it would only be evidence from which the jury might infer her character, but would not "establish" it.

APPEAL from a judgment of the Superior Court of Butte County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Hundley & Lloyd,* and *John Gale,* for Appellant.

Each and every one of the elements constituting the crime charged here must be proved by the prosecution to a moral certainty and beyond a reasonable doubt. (*State* v. *Carson,* 18 Iowa, 372; 87 Am. Dec. 404; *Oliver* v. *Commonwealth,* 101 Pa. St. 215; 47 Am. Rep. 704; *Zabriskie* v. *State,* 43 N. J. L. 640; 39 Am. Rep. 610; *People* v. *Roderigas,* 49 Cal. 9.) It was not proved that the prosecutrix was seduced under a promise of marriage which was made to and accepted by the seduced in good faith and under the belief that the defendant intended to carry out such promise. (*Bowers* v. *State,* 29 Ohio St. 542; *State* v. *Patterson,* 88 Mo. 88; 57 Am. Rep. 374.) Neither was it shown that the prosecutrix was, at the time of the alleged seduction, an unmarried female. (*Mesa* v. *State,* 17 Tex. App. 395; *State* v. *Carr,* 60 Iowa, 453; *State* v. *Heatherton,* 60 Iowa, 175; *People* v. *Roderigas,* 49 Cal. 9; *Hussey* v. *State,* 86 Ala. 34; *Wilson* v. *State,* 73 Ala. 527.) Neither was it shown that she was of previous chaste character. (*State* v. *Prizer,* 49 Iowa, 531; 31 Am. Rep. 156; 2 Wharton's Crim. Law, secs. 1757, 2672; *Polk* v. *State,* 40 Ark. 482; 48 Am. Rep. 18; *Oliver* v. *Commonwealth,* 101 Pa. St. 215; 47 Am. Rep. 704; *Kenyon* v. *People,* 26 N. Y. 203; 84 Am. Dec. 177; *People* v. *Roderigas,* 49 Cal. 9.) The court erred in instructing the jury that previous chaste character is

established by showing that the party seduced lives with respectable and reputable families. (*People* v. *De Fore*, 64 Mich. 693; 8 Am. St. Rep. 869; *People* v. *Gordon*, 88 Cal. 422.) It was also error for the court to instruct the jury that the names of such persons having been given by the prosecution, the presumption of law was, that they were respectable and reputable, and the burden of showing otherwise was upon the defendant. (*People* v. *De Fore*, 64 Mich. 693; 8 Am. St. Rep. 869; *People* v. *Ribolsi*, 89 Cal. 492.)

*Attorney-General Hart, Deputy Attorney-General Layson, Lewis Freer,* and *Joseph D. Sproul,* for Respondent.

The chastity of the prosecutrix will be presumed, and the burden is on the defendant to impeach it, notwithstanding the presumption of innocence in his favor. (*Wilson* v. *State*, 73 Ala. 527; *Polk* v. *State*, 40 Ark. 482; 48 Am. Rep. 18; *Wood* v. *State*, 48 Ga. 192, 287, 299; 15 Am. Rep. 664; *Andre* v. *State*, 5 Iowa, 389; 68 Am. Dec. 708; *State* v. *Sutherland*, 30 Iowa, 570; *State* v. *Shean*, 32 Iowa, 88, 91; *State* v. *Higdon*, 32 Iowa, 262; *People* v. *Brewer*, 27 Mich. 134; *People* v. *Clark*, 33 Mich. 112, 118; *Crozier* v. *People*, 1 Park. Cr. 453; *State* v. *McClintic*, 73 Iowa, 663; *State* v. *Wells*, 48 Iowa, 671.) Previous chaste character need only be proved immediately previous to the commencement of the guilty conduct of the defendant. (*Carpenter* v. *People*, 8 Barb. 603.) The promise of marriage need not be technically valid. (*Kenyon* v. *People*, 26 N. Y. 203; 84 Am. Dec. 177; *People* v. *Hustis*, 32 Hun, 58; *Armstrong* v. *People*, 70 N. Y. 38; *Callahan* v. *State*, 63 Ind. 198; 30 Am. Rep. 211.) The prosecutrix was sufficiently corroborated, but corroboration was unnecessary, as her evidence was sufficient to sustain a conviction. (*People* v. *Mayes*, 66 Cal. 597; 56 Am. Rep. 126; *People* v. *Stewart*, 90 Cal. 212.) The fact that she went by her maiden name, deported herself as single, and was engaged to the defendant was sufficient to warrant the jury in finding she was unmarried. (*State* v. *Heatherton*, 60 Iowa, 175.) The instructions given, when

considered as a whole, were full, fair, and favorable to the defendant, and the judgment should be affirmed. (*People* v. *Clark*, 84 Cal. 583.)

HARRISON, J. — The defendant was tried and convicted upon an information charging him with the crime of seducing an unmarried female of previously chaste character under the promise of marriage.

Section 268 of the Penal Code, under which the information was filed, provides: " Every person who, under promise of marriage, seduces and has sexual intercourse with an unmarried female of previous chaste character is punishable by imprisonment in the state prison for not more than five years, or by a fine of not more than five thousand dollars, or by both such fine and imprisonment."

1. In order to convict the defendant of the crime defined in this section, it is necessary for the state to prove that the person seduced was an "unmarried female of previous chaste character," and that she consented to sexual intercourse with the defendant upon the sole consideration of his promise to marry her. Unless all of these elements are established by competent evidence, the crime is not proved. It is as essential for the prosecution to show that the person against whom the offense was committed is of the character named in the statute, as it is to show that the sexual intercourse was had under a promise of marriage. The statute does not attempt to punish the seduction of a married woman, or of one whose character was not previously chaste, nor does it attempt to punish illicit cohabitation, or the seduction of an unmarried woman whose character was previously chaste which is accomplished either in whole or in part by any other means or from any other motive than a promise of marriage. This construction of the statute was taken by the court below. It instructed the jury: " To convict the defendant, in this case, of seduction, the jury must find, from the evidence in the case, that the prosecuting witness was, at the time of and prior to the fifteenth day of April, 1889, of previous chaste

character and unmarried"; and also: "You have no right to infer or presume that the prosecuting witness was an unmarried female. It devolved upon the prosecution to establish that fact, if it be a fact, by the evidence, to the entire satisfaction of the jury; and if the prosecution has failed to do so, it is your duty to acquit the defendant." The record, however, fails to show that there was any evidence before the jury that the prosecuting witness was unmarried. She did not herself so state, nor did any witness give evidence upon this point. The fact that some of the witnesses in their testimony, when referring to her, called her "girl," "young lady," "Miss," does not furnish any evidence of this fact. Such statements were no more than the opinions of the witnesses, given without having their attention called directly to this issue, and would not have been admissible as direct evidence to prove the issue. The jury were not authorized to found an inference thereon that she was unmarried, nor can the defendant be convicted upon a mere inference of this fact, any more than upon an inference of the other facts which are necessary to constitute the crime. (*State* v. *Carr*, 60 Iowa, 453.) Nor does the fact that she stated that the defendant promised to marry her, or that he made arrangements to marry her, furnish any evidence that she was unmarried. Whether she was unmarried was a fact peculiarly within her own knowledge, and in a case like the present, where the proof of the offense of necessity depends very materially upon the testimony of the prosecuting witness, it is incumbent upon the state to establish all the elements of the crime by as satisfactory evidence as it is within its power to produce, and, upon those points of which the prosecutrix can herself give direct testimony, not to allow the jury to draw an inference from less satisfactory evidence. The cases cited on behalf of the people in which it has been held that direct proof of the venue was unnecessary have no application here. In this case, the fact that she was unmarried is an essential element of the crime, and until

it is shown, the presumption of innocence prevails in favor of the defendant; whereas the proof of venue has reference only to the jurisdiction of the court to try the offense, and may be shown by evidence of a less direct character.

For the reason that there was no evidence before the jury that the prosecuting witness was unmarried, their conviction of the defendant was unauthorized.

2. The court gave to the jury the following instruction: " Previous chaste character is established by showing that the party lives with respectable and reputable families, and that her daily associations were with such people; and when the prosecution gave the names of the persons with whom the complaining witness had lived and associated, the presumption of law is, that they were respectable and reputable people, and the burden of showing that they were otherwise was upon the defendant."

The effect of this instruction was to say to the jury, that by her testifying that she lived and associated with certain people whose names she stated, she thereby " established " her previous chaste character, because the presumption of law is, that those persons were respectable and reputable people. Even if it had been shown at the trial that the persons whose names she gave were respectable and reputable people, the fact that she had lived and associated with them would be only evidence from which the jury might infer her character; but it would not " establish " it. Her previous chaste character was an essential element to be shown by the prosecution before the crime could be established, and was a fact to be determined by the jury from all the evidence before it. The effect of the above instruction was, however, to take from the jury all consideration of any other evidence than that referred to in it.

For these errors the judgment and order of the court below are reversed.

SHARPSTEIN, J., McFARLAND, J., DE HAVEN, J., GAROUTTE, J., and PATERSON, J., concurred.