121   111
136   332

STATE OF IOWA v. CLAUS STOLLEY, Appellant.

Seduction: EVIDENCE: PRACTICE.    On a prosecution for seduction instituted by the woman's father it is not error to refuse to permit the woman to answer on cross examination whether she desired the prosecution of defendant, nor is it error to refer on the trial to the woman as the ''prosecuting witness.''

Examination of Witness: LEADING QUESTIONS.    In a criminal prosecution permission to answer a leading question is not reversible error, where the witness in response to proper questions makes substantially the same answer.

Seduction: EVIDENCE: INSTRUCTION.    In a prosecution for seduction, where there is no evidence of any promise by the defendant, except the general promise of marriage and the promise, made immediately preceding the intercourse, that he would protect her by marriage if pregnancy resulted, but there was evidence of acquaintance and courtship, an instruction that the jury might take into consideration attentions paid to prosecutrix, endearing names used, false promises and anything likely to break down her virtue, was not misleading.

Seductive Arts: EVIDENCE.    Where it appears that the relation of lovers existed and that prosecutrix was justified in believing that defendant's promise of marriage and to protect her in case pregnancy resulted from their intercourse was founded on affection, the evidence of such promises amounts to a showing of seductive arts.

Seduction: PRIOR UNCHASTITY.    Where it appears on a prosecution for seduction that the prosecutrix, through love and affection and promise of marriage permitted the defendant to take indecent liberties and illicit intercourse resulted from passion thus aroused, it is for the jury to determine the question of prior unchastity such as to prevent the intercourse constituting seduction.

*Appeal from Cass District Court.*—HON. W. R. GREEN, Judge.

TUESDAY, OCTOBER 6, 1903.

DEFENDANT appeals from conviction and sentence for the crime of seduction.—*Affirmed.*

*Swan & Bruce* for appellant.

*Chas. W. Mullan,* Attorney General, and *Chas. A. Van Vleck,* Assistant Attorney General for the State.

McCLAIN, J.—The prosecution was for the seduction of an unmarried woman of twenty-seven years of age, defendant being at the time about twenty-nine, and was instituted by the woman's father. Defendant complains of the action of the court in refusing to allow his counsel on cross examination to inquire of the woman as a witness whether she wished to have the prosecution started. It was wholly immaterial whether she desired the prosecution to be commenced. Had she answered that it was against her wishes, that would not have furnished the basis for a legitimate argument that she really knew the defendant was innocent. Nor was there any prejudicial error committed by the court in referring to her in the instructions as the "prosecuting witness." She was the only witness testifying directly on the trial that the defendant committed the crime charged, and the crime charged was alleged to have been committed against her. The jury could not have misunderstood the court's meaning, nor will we be misunderstood in this opinion if we refer to her as the "prosecutrix," as we shall do for convenience.

The other alleged errors, so far as they are of sufficient importance to require specific attention, can be better discussed after the facts have been stated. The jury would unquestionably have been justified under the evidence in finding that the prosecutrix and defendant had been acquainted for fifteen years at the time of the alleged crime, and that defendant had been courting her for the last five or six years of that time, and had promised early in the courtship to marry her; that, although defendant had hugged and kissed her on some occasions, he had not been guilty of conduct not usually regarded as proper between persons who are engaged, until about two months

1. EVIDENCE: practice.

before the alleged seduction; that at that time he took indecent liberties with her, and asked her to permit him to have sexual intercourse with her, which she refused to do, at the same time objecting to the liberties taken; that defendant continued, however, to take such liberties without further protest, and finally had sexual intercourse with prosecutrix on several occasions; that she allowed the continued liberties and the subsequent intercourse because he pretended to be, and she believed him to be, her lover; and, finally, that she had never been guilty of any unseemly or improper conduct with other men, and that her child was the child of defendant. It should be said that defendant, as a witness, denied all declarations of love, all promises to marry, and any improper liberties or sexual intercourse. The case was simple, and, unless there was some serious error in the admission of evidence or in the instructions, the jury could readily understand what was for their determination.

Complaint is made of a leading question propounded to the prosecuting witness with reference to her relying on defendant's statements when she yielded to his importunities; but surely it cannot be seriously contended 2. EXAMINA-TION of witness: leading questions. that allowing the witness to answer one leading question would necessitate a reversal, in view of the fact that the witness elsewhere, in response to proper questions, made substantially the same statements. *State v. Burns*, 119 Iowa, 663.

The complaints made with reference to the instructions are substantially as to definitions of seduction and previous chastity. The statement of the court that the 3. SEDUCTION evidence: instruction. jury could take into account, so far as shown by the evidence, the attentions paid to prosecutrix by defendant, the endearing names used, the false promises made, and, in general, anything said or done by him which, in the light of common experience, was likely

to break down her virtue, if virtuous, and induce her to submit to him, was certainly not misleading with reference to the case before the jury. There was not the slightest evidence of any promises by defendant except the general promise of marriage, and the further promise, immediately before the intercourse, that he would protect her by marriage and be responsible if the intercourse resulted in pregnancy. Such promises, though false, if made by an accepted lover, certainly may be considered as constituting seductive arts. There was no evidence tend-

**4. SEDUCTIVE arts: evidence.** ing to make out a case of mere mutual passion, aroused without courtship or love, and yielded to by the woman as soon as she had assurance that an unfortunate result would be followed by marriage. On the other hand, the evidence tended to show a case where confessedly the relations had been those of lovers in the proper sense of the term, even though defendant may not have expessed his affection in specific words, and where the woman was unquestionably justified in believing that the proimse to marry, if one was made, was in good faith, founded on affection and not on lust. Such a false promise constitutes a seductive artifice, and, however inexcusable or imprudent it may be for the woman to yield her virtue in response to such solicitation, the act of securing her consent to sexual intercourse by such artifice is a crime on the part of the man.

The same considerations are applicable to the complaint as to instructions on the question of previous chastity. If, without the pretense of love, affection and purpose to marry on the part of the man, the woman allows him to take indecent liberties with her person, sexual intercourse permitted by reason of passion thus aroused, even though immediately preceded by a promise to marry, might well be said not to constitute seduction, because such course of conduct would show unchastity, which, as we have held, may exist without any act of incontinence. *Andre v.*

*State*, 5 Iowa, 389; *State v. McIntire*, 89 Iowa, 141. But where such liberties are submitted to by reason of love and affection, engendered by pretended love and affection on the part of the man and promises of marriage, and illicit intercourse finally results, induced by passion thus aroused and such pretenses made, it is for the jury to say whether there is prior unchastity, such as to prevent the intercourse constituting seduction.   The mere fact of permitting improper liberties, or yielding under such circumstances, does not prove it.   *State v. Hughes*, 106 Iowa, 125; *State v. Hemm*, 82 Iowa, 609.

5. SEDUCTION: prior unchastity.

These considerations were aptly presented to the jury and we think there was no error in this respect. We may, perhaps, assume that it is in accordance with human experience that improper liberties of speech or action, or of both, are usually submitted to before illicit intercourse is voluntarily indulged in, and we think it would be absurd to say that such fact alone, regardless of the nature of the inducement or artifices preceding it, must render the woman unchaste in such sense that the intercourse thus procured could not constitute seduction.

We find no error in the record, and the judgment is AFFIRMED.