STATE OF IOWA v. CHARLEY MOFFIT, Appellant.

**Criminal law:** SEDUCTION: UNMARRIED WOMAN: EVIDENCE. On a prosecution for seduction the jury was warranted in assuming that the prosecutrix was an unmarried woman, where the evidence showed that defendant was her suitor and that he addressed her in their correspondence as "Miss," although there was no direct evidence that she was in fact unmarried.

**Same:** VARIANCE IN NAME OF JUROR. An error in the middle initial of one of the jurors empaneled to try a cause will not vitiate the verdict; and if a valid objection it can not be raised for the first time on appeal.

**Same:** NAME OF ACCUSED: VARIANCE. The name "Charlie" is the universally recognized variation for "Charles;" and such variation between the indictment, title of the cause and instructions of the court, was immaterial.

**Same:** VENUE: INSTRUCTIONS. Where there was a discrepancy in the evidence of prosecutrix and that of defendant as to the county in which the seduction occurred, and the court instructed that the jury must be satisfied beyond a reasonable doubt that it occurred in the county of the trial, failure to more specifically instruct on the subject was not error, in the absence of a request therefor.

**Same.** In this prosecution the evidence of seductive arts and previous chaste character, though conflicting, is held sufficient to warrant conviction.

*Appeal from Washington District Court.*—HON. K. E. WILLCOCKSON, Judge.

WEDNESDAY, JUNE 26, 1912.

THIS is an appeal from a conviction for the crime of seduction.—*Affirmed.*

*P. J. Hanley* for appellant.

*George Cosson,* Attorney General, and *John Fletcher,* Assistant Attorney General, for the State.

McCLAIN, C. J.—The evidence for the prosecution tended to show that from February to June, 1911, the defendant visited the prosecutrix as a suitor, and that in April he seduced her under promise of marriage, continuing after that date to have sexual intercourse with her from time to time until, on protestations by prosecutrix that he must marry her on account of her condition, he finally refused to do so and abandoned his relations with her.

I. As a ground for reversal it is contended that there was no evidence that prosecutrix was at the time of the alleged seduction an unmarried woman, and it

1. CRIMINAL LAW: seduction: unmarried woman: evidence.

is true that the record nowhere shows the introduction of any direct evidence of that essential fact. But the evidence tends to show that defendant was a suitor of the prosecutrix, that he wrote letters addressed to her as "Miss," that she lived with her father and bore his name, and that on the trial she was referred to throughout as "Miss." The jury was therefore fully warranted in assuming, no question having been raised as to whether she was married, that she was in fact an unmarried woman. *State v. Heatherton,* 60 Iowa, 175.

II. The verdict was signed "J. M. Lemley, Foreman." The record of the impaneling of the jury shows that "J. N. Lemley," and no other person of a similar name, was a member of the panel. This variance in the middle initial was not such as to require the setting aside

of the verdict, even though the attention of the court had

**2. SAME:** variance in name of juror.

been called to it on a motion for a new trial; much less is it entitled to consideration when referred to for the first time on appeal in this court. An error in the record as to the middle initial of one of the jurors impaneled to try the case would clearly not vitiate the proceedings, and the presumption must be that the verdict was properly signed. The receipt of the verdict by the court is conclusive that it was the verdict of the jury, in the absence of anything in the record to overcome the presumption of regularity. *State v. Duffield,* 49 W. Va. 274 (38 S. E. 577); 12 Cyc., 689.

III. The defendant was indicted under the name of "Charley" Moffit, while in the evidence and instructions he was referred to as "Charles" Moffit; but this variance

**3. SAME:** name of accused: variance.

was wholly immaterial. When defendant was arraigned, he answered that he was indicted by his right name. The contention for appellant seems to be that the title of the case was properly *"State of Iowa v. Charley Moffit,"* and that it was error for the court to instruct the jury with reference to a prosecution entitled *"State of Iowa v. Charles Moffit."* In the first place, "Charley" is a universally recognized variation of the name "Charles," and may be treated as the same name. In the second place, the testimony and the instructions clearly related to the defendant on trial, and any variation in the mere title of the case must necessarily have been immaterial.

IV. The testimony of the defendant tended to show that he had had sexual intercourse with the prosecutrix on an occasion prior to that referred to in the evidence

**4. SAME: venue:** instructions.

for the prosecution, and that such intercourse was in another county; and it is contended for the appellant that the court should have instructed the jury that, if the first intercourse was in

another county, defendant could not be convicted under the indictment. An examination of the instructions given plainly shows that the attention of the jury was called to the matter of venue and that the jury would not have been warranted in returning a verdict for the prosecution unless they believed beyond a reasonable doubt that the crime was in fact committed in Washington county. No specific instruction was asked for the defendant calling attention to this discrepancy between the testimony of defendant and that of prosecutrix in this respect.

V. The only claim for appellant which is entitled to serious consideration is that there was not sufficient evidence to sustain a verdict based on a finding that seductive arts were employed by defendant, and that prosecutrix was of previously chaste character, and that therefore a verdict for the defendant should have been directed. We have examined the record with care, and find no ground for holding that there was no evidence on which the verdict for the prosecution could be supported. The testimony of the prosecutrix was in itself sufficient to make out a case against defendant, with the necessary corroboration, which it is conceded was ample. It is fully established that defendant was, duing a period of several months, including the time of the alleged seduction, keeping company with prosecutrix as her ostensible suitor. The evidence for the defendant did tend strongly to indicate unchastity of the prosecutrix prior to defendant's acquaintance with her; but the weight of this evidence was for the jury. We would not be warranted in setting out the testimony in full, for, giving it all the significance claimed for it, we should have to say that clearly there was merely a conflict in the evidence which it was for the jury to determine. The instructions given by the court were careful and explicit on this subject, and the verdict is supported by credible and sufficient evidence.

5. SAME.

Finding no error in the record, the judgment is *affirmed*.