STATE OF IOWA v. GROVER NORMAN, Appellant.

**Criminal law:** SEDUCTION: NON-MARRIAGE: EVIDENCE. It must appear on a prosecution for seduction that the prosecutrix was an unmarried woman; but this fact may be sufficiently shown by proof of facts and circumstances warranting the inference that she was unmarried at the time of the alleged crime.

**Same:** PREVIOUS CHASTE CHARACTER: EVIDENCE. A prosecutrix for seduction is presumed to have been of previous chaste character; and where her previous character is assailed the issue is for the jury.

**Same:** TRIAL: MISCONDUCT IN ARGUMENT. Where the court told the jury that the prosecutor had no right to state in their presence that many witnesses had been subpoenaed to assail the character of the prosecutrix but had not been called, and that they should only consider the evidence on the subject and give no heed to the remark of counsel, any prejudicial effect from such statement was obviated.

*Appeal from Fremont District Court.*—HON. A. B. THOR-NELL, Judge.

WEDNESDAY, APRIL 9, 1913.

THE defendant, having been convicted of the crime of seduction, appeals.—*Affirmed*.

*Tinley, Mitchell & Thornell*, for appellant.

*George Cosson*, Attorney-General, and *John Fletcher*, Assistant Attorney-General, for the State.

LADD, J.—The accused was indicted in March, 1912, for having seduced prosecutrix in November previous, and was

convicted in April following. He contends that the conviction was erroneous in that: (1) Prosecutrix was not proven to have been an unmarried woman; and (2) was proven to have been of unchaste character. There was no direct evidence that prosecutrix was unmarried, but she testified that she had lived with her parents all her life, told where they had lived and stated that her parents, two brothers, three sisters, with herself, constituted the family. Her mother also testified that she had lived with her all her life. Counsel for defendant repeatedly, during her cross-examination and in examining defendant, referred to her as ''Miss Le Fever,'' and the defendant, in relating an incident, testified that ''Miss Mae Le Fever went with me to the theater.''

I. She was but twenty-three years of age, and the trial evidently proceeded on the theory that she was a single woman. More strict proof of *status* may be exacted in some states. See *People v. Krusick*, 93 Cal. 74 (28 Pac. 794); *State v. Wheeler*, 108 Mo. 658 (18 S. W. 924). But all that is essential, under the decisions of this court, is that the facts and circumstances disclosed be such as to fairly warrant the inference that prosecutrix was unmarried at the time of the seduction alleged. *State v. Moffit*, 155 Iowa, 702; *State v. Heatherton*, 60 Iowa, 175; *Breiner v. Nugent*, 136 Iowa, 322; *Egan v. Murray*, 80 Iowa, 180. Enough appears in the record to justify the finding of the jury.

1. CRIMINAL LAW: seduction: non-marriage: evidence.

II. Nor should the jury's finding that prosecutrix was of previous unchaste character be interfered with.

She was presumed to have been chaste and no evidence whatever bearing thereon, except of her relations with defendant, was adduced. The development of their intimacy was rapid; but if, as the jury might have concluded, defendant began paying his attentions with the purpose of gratifying his passions, it cannot be said, as a matter of law, that, in permitting him improper liberties with her person or in yielding on

2. SAME: previous chaste character: evidence.

short acquaintance, she was necessarily of unchaste char-
acter. Conception of what is permissible without transgress-
ing virtue's bounds differ widely. Liberties one might per-
mit with impunity would be resented by another. And even
if defendant, bent on satiating his lust, did get his hands
where they should not have been in riding home with her
the first time they had been alone together, and on the sec-
ond occasion did have intercourse with her, these circum-
stances alone do not conclusively prove that she had previ-
ously been of unchaste character. All this may have been
because of the blandishments of defendant and the seductive
arts resorted to in order to accomplish his purpose. The
issue was for the jury. *State v. Stolly*, 121 Iowa, 111; *State
v. Hughes*, 106 Iowa, 125.

III. An attorney assisting in the prosecution in his ar-
gument to the jury stated that many witnesses had been sub-
poenaed to assail the character of prosecutrix who had not
been called. On objection, the court told the
jury that the attorney "had no right to make
that statement in your presence," and admon-
ished them not to consider anything other than the evidence
introduced. Again, in an instruction, the jury was warned
to give no attention to the remark and to try the case solely
on the evidence.

3. SAME: trial: misconduct in arguments.

Any possible prejudice was obviated by the action of the
court, and the judgment must be and is *Affirmed*.