[Crim. No. 720. First Appellate District.—March 20, 1918.]

THE PEOPLE, Respondent, v. MANUEL LIMA, Appellant.

CRIMINAL LAW—SEDUCTION UNDER PROMISE OF MARRIAGE—SUFFICIENCY OF EVIDENCE.—In this prosecution for seduction under promise of marriage, it is held that the evidence sufficiently shows that the promise of marriage was the sole inducement which led to the seduc-

tion, that the girl was of previous chaste character, and that she was unmarried at the time of the commission of the offense.

Id.—Instruction—Sufficiency of Proof—Reading of Section 1826, Code of Civil Procedure, Proper.—Section 1826 of the Code of Civil Procedure is applicable to criminal cases, and was in this prosecution properly read to the jury in connection with the usual instruction upon the subject of reasonable doubt.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial. J. R. Welch, Judge.

The facts are stated in the opinion of the court.

L. Gonsalves, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

BEASLY, J., *pro tem.*—It is charged in this case that the defendant, a married man, induced the prosecuting witness to accompany him from her home in Alameda County to San Jose, and there seduced her upon his promise to marry her. He was convicted of seduction under promise of marriage, and from the judgment and order denying a new trial he appeals.

The points relied on for a reversal in this case, stated in the language of the appellant's counsel upon the oral argument, are that the evidence does not show that the promise of marriage was the sole inducement which led to the girl's seduction; second, that it does not show that the prosecutrix was of previously chaste character, and, third, that there is no proof in the record that the prosecuting witness was unmarried at the time of her seduction.

Upon the first point the young woman testified that she went to San Jose for the purpose of marrying the defendant, and that this was her reason for going there and permitting herself to be seduced by him. She also testified that he threatened to commit suicide and to kill her. Counsel's contention that by these threats the defendant seduced her is not convincing. It is plain from the entire evidence that the means employed by the defendant to accomplish his pur-

pose with her was his promise to marry her reiterated upon many occasions.

Upon the second point, without going into the details of the unpleasant evidence in this case, it may be said that the prosecuting witness testified that she had never had intercourse with any other man previous to her seduction; and the defendant's counsel contends that this testimony did not exclude the possibility that she may have had intercourse with the defendant himself previous to her seduction. Reading the testimony and the other questions asked her in connection with the question which brought out the foregoing answer, it may be said that the evidence is entirely sufficient to sustain the finding of the previous chaste character of the prosecuting witness.

Upon the third point, the defendant cites *People* v. *Krusick*, 93 Cal. 74, [28 Pac. 794], wherein it is held that many of the facts proven in this case were not sufficient in themselves to establish the fact that the woman in that case was unmarried. However, the evidence in this case disclosed other facts and circumstances in addition to those appearing in the case of *People* v. *Krusick,* supporting the finding of the jury that the young woman was unmarried.

It would be better practice—indeed, it is almost the universal practice—to ask the prosecuting witness in such cases as this categorical questions as to her chastity and her unmarried status; but although this practice was not followed here, it is impossible to read this record without coming to the conclusion that those facts were sufficiently proven. Indeed, it was admitted at the oral argument that no serious question was made at the trial as to the fact that she was unmarried.

We have examined the instructions complained of by the defendant and given by the trial court, and find that they fairly state the law applicable to the case. Section 1826 of the Code of Civil Procedure is applicable to criminal cases, and it was proper for the court to read it to the jury in connection with the usual instructions upon the subject of reasonable doubt.

The instructions requested by the defendant and refused either added nothing to those given by the court, or were of such a nature as to be unnecessary in view of the care

with which the defendant's interests were guarded by the instructions given.

The judgment and order denying a new trial are affirmed.

·Kerrigan, J., and Zook, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court May 17, 1918.