PEOPLE, PLAINTIFF AND APPELLEE, v. RAMOS, DEFENDANT AND
APPELLANT.

APPEAL from the District Court of Mayagüez in a Prosecution
for Seduction.

No. 1553.—Decided January 14, 1921.

SEDUCTION—EVIDENCE.—In a prosecution for seduction under promise of mar-
riage the burden is on The People of Porto Rico to prove that the female
was unmarried at the time of the commission of the crime.
ID.—PROMISE OF MARRIAGE—EVIDENCE.—The testimony of the father and mother
of the young woman to the effect that after the carnal act the defendant
promised them that he would marry their daughter is not a sufficient corrobo-
ration of the proof of promise of marriage as is required by the law and
jurisprudence.

The facts are stated in the opinion.

*Mr. P. Fajardo Martínez* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Appellant was convicted of seduction under promise of
marriage and among the errors presented in his brief there
are two which will require the reversal of the judgment and
it will be unnecessary to consider the others.

The first action of the court which we notice is that the
court erred in instructing the jury that The People of Porto
Rico was not bound to prove that the prosecuting witness
was unmarried. We must confess that the district court was
justified by the jurisprudence of this court in so holding.
*People* v. *Martínez,* 13 P. R. R. 241, was a case where this
court held that there was a presumption that all women were
born single and that the law presumed that a status once
established continued until there was a change therein. The
court, however, also held that the proof showed that the girl
was single and that the case would have to be affirmed even
if the presumption did not hold. In that case the girl was
seventeen years of age.

The general rule of law is that each and every element
of a crime must be proved, but even if we imagine cases in

which the burden of proof would be on the defendant, yet the jurisprudence is clear that in a seduction case the fact that the woman is single must be proved. *People* v. *Krusick,* 28 Pac. Rep. 794, was a case where the court correctly instructed the jury, but the appellate court held that the judgment must be reversed because there was no proof that the prosecuting witness was unmarried. The court goes on to say: "The fact that some of the witnesses in their testimony, when referring to her, called her a girl, young lady, Miss, does not furnish any evidence of this fact (that she was unmarried)." "Such statements," says the court, "were no more than the opinions of the witnesses given without having their attention called directly to this issue and would not have been admissible as direct evidence to prove the same," and the court cites other authorities.

In 35 Cyc. 1345, it is stated: "It will not be presumed that the female was unmarried, but the burden is on the State to prove that fact and to do so by direct evidence." See also *People* v. *Weinstock,* 140 N. Y. Suppl. 453.

In *State* v. *Norman,* 140 N. W. 815, it was held that the proof was sufficient if facts and circumstances fairly warrant the inference of nonmarriage, also showing, in line with the doubts that we have had, that it was necessary at least to prove the nonmarriage. So that we feel unable to follow *People* v. *Martínez, supra.* As the matter is extremely simple, the proof of nonmarriage ought always to be made.

The other error in this case to cause a reversal is that there was no corroborating proof of the prosecuting witness that she was seduced under promise of marriage. There was corroborating proof of the seduction, but none of the promise. The utmost that there is in the case was evidence furnished by the father and mother of the young woman that after the carnal act the defendant promised them that he would marry their daughter. However, the statement of any antecedent promise by the defendant remains absolutely

uncorroborated and we have held that corroboration of the promise of marriage is just as necessary as the seduction itself. *People* v. *Rosario,* 25 P. R. R. 675.

The judgment must be reversed and the defendant discharged.

*Reversed.*

Chief Justice Hernández and Justices Del Toro, Aldrey and Hutchison concurred.