El Pueblo, Demandante y Apelado, v. Ramos,
Acusado y Apelante.

Apelación procedente de la Corte de Distrito de Mayagüez
en causa por seducción.

No. 1553.—Resuelto en enero 14, 1921.

Seducción—Prueba de Soltería de la Seducida.—En un caso de seducción bajo promesa de matrimonio El Pueblo de Puerto Rico tiene la obligación de probar que la seducida era soltera al tiempo de cometerse el delito.

Id.—Promesa de Matrimonio—Prueba de Corroboración.—La declaración del padre y la madre de la seducida, creditiva de que después de la seducción el acusado les prometió que se casaría con aquélla, no constituye suficiente corroboración de la prueba de promesa de matrimonio que exigen la ley y la jurisprudencia.

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. P. Fajardo Martínez.

Abogado del apelado: Sr. José E. Figueras, Fiscal.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

El apelante fué declarado culpable del delito de seducción bajo promesa de matrimonio y entre los errores señalados en su alegato existen dos que requieren la revocación de la sentencia por lo que será innecesario considerar los otros.

La primera actuación de la corte que tomamos en consideración es que la corte inferior cometió error al instruir al jurado que El Pueblo de Puerto Rico no estaba obligado a probar que la denunciante era soltera. Tenemos que confesar que la corte de distrito estuvo justificada por la jurisprudencia de esta corte al adoptar tal resolución. El Pueblo v. Martínez, 13 D. P. R. 248, fué un caso en el cual esta corte resolvió que existía la presunción de que toda mujer nacía soltera y que la ley presumía que una vez establecido ese estado continuaba hasta que fuese cambiado. La corte sin embargo, también resolvió que la prueba mostraba que la joven era soltera y que el caso tendría que ser confirmado aún cuando la presunción no prevaleciera. En ese caso la joven tenía 17 años de edad.

La regla general de derecho es que todos y cada uno de

los elementos de un delito deben ser probados, pero aún cuando nos imaginemos casos en los cuales el peso de la prueba fuera de la incumbencia del acusado, sin embargo la jurisprudencia es clara en el sentido de que en un caso de seducción el hecho de que la mujer es soltera deberá ser probado. *People* v. *Krusick,* 28 Pac. Rep. 794, fué un caso en el cual la corte instruyó debidamente al jurado, pero la corte de apelación resolvió que la sentencia debía ser revocada porque no hubo prueba de que la denunciante era soltera. La corte pasa entonces a decir que—

"El hecho de que algunos de los testigos en sus declaraciones al referirse a ella la llamaran muchacha, joven, señorita, no suministra prueba alguna de este hecho, (de que no fuera casada.)"

Tales manifestaciones dice la corte, no eran otra cosa que opiniones de los testigos dadas sin llamárseles su atención directamente a este punto en discusión (*issue*) y no hubieran sido admisibles como prueba directa para establecerlo, y cita la corte otras autoridades.

En el tomo 35 Cyc. página 1345 se dice:

"No se presumirá que la mujer era soltera, sino que el gobierno tiene la obligación de probar ese hecho y hacerlo mediante prueba directa."

Véase también el caso de *People* v. *Weinstock,* 140 N. Y. Suppl. 453.

En el caso de *State* v. *Norman,* 140 N. W. 815 se resolvió que la prueba era suficiente si los hechos y las circunstancias lógicamente sostienen la suposición de soltería, demostrando también en orden a las dudas que hemos tenido, que era necesario probar por lo menos la soltería. A virtud de todo lo expuesto, no podemos regirnos por el caso de *El Pueblo* v. *Martínez, supra.* Como la cuestión es enteramente sencilla, la prueba de soltería deberá siempre presentarse.

El otro error alegado en este caso por el cual se hace necesario revocar la sentencia es que no hubo prueba corro-

borante de la denunciante de que fuera seducida bajo promesa de matrimonio. Hubo prueba corroborante de la seducción, pero no hubo ninguna en cuanto a la promesa de matrimonio. A lo sumo, lo más que hay en este caso era la prueba suministrada por el padre y la madre de la joven de que después del acto carnal el acusado les prometió que se casaría con su hija. Sin embargo, la manifestación en cuanto a cualquier promesa anterior hecha por el acusado queda enteramente sin corroborar y hemos resuelto que la corroboración de la promesa de matrimonio es tan necesaria como la de la seducción misma. *El Pueblo* v. *Rosario,* 25 D. P. R. 725.

Debe revocarse la sentencia apelada y absolverse al acusado.

*Revocada la sentencia y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.