THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* IRVING GUMAER, Appellant.

*Seduction under the promise of marriage — proof as to the place where the offense was committed — corroboration of the testimony of the female seduced.*

Where the indictment of a person for the crime of seduction under the promise of marriage states that the seduction was committed in a specified town and county, while the evidence upon the trial shows that the same took place near "Sand Spring," without specifically showing that such locality was within the limits of such county, the court and jury are authorized, in the absence of any evidence showing that locality to be outside of the county limits, and where no question is made upon that subject on the trial, to find it to be within such county, and upon appeal a reversal will not be granted on the ground that the evidence fails to show that the crime was committed within the territorial jurisdiction of the trial court.

Upon the trial of a prisoner for the crime of seduction under promise of marriage, the evidence of the female seduced is sufficiently corroborated as to the promise of marriage to authorize the submission of the question to the jury, when it is shown that the acquaintance of the prisoner and the complainant commenced in January, and that the prisoner's attentions to her were unremitting from then until the following June, the time when the seduction was alleged to have been committed, during which time he visited her every Sunday, frequently rode out with her, attended upon her, escorted her to parties and in visits to her friends, and evinced for her great partiality.

(HERRICK, J., dissenting.)

APPEAL by the defendant, Irving Gumaer, from a judgment of the Court of Sessions, held in and for the county of Sullivan, rendered on the 14th day of December, 1893, convicting him of the crime of seduction under the promise of marriage.

*John W. Lyon*, for the appellant.

*David S. Hill, District Attorney*, for the respondent.

MAYHAM, P. J.:

The appellant relies mainly upon two grounds for a reversal of the conviction:

*First.* That it does not affirmatively appear that the alleged crime was committed within the territorial jurisdiction of the Court of Sessions of Sullivan county.

*Second.* That the testimony of the prosecutrix is not supported by other evidence as required by section 286 of the Penal Code.

The indictment charges that the offense was committed at the town of Forestburgh in the county of Sullivan, and while the evidence described the seduction as occurring near Sand Spring, without specifically showing that that locality is within the limits of Sullivan county, still, we think, in the absence of any evidence showing that locality outside of the county limits, or of any question being made upon the trial, upon that subject, the court and jury were authorized, upon all of the evidence, to find it within that county, and that the defendant cannot now, on appeal, without any proof to support his contention, ask a reversal of this conviction on the ground that the evidence fails to show that the crime was committed within the territorial jurisdiction of the trial court.

The indictment complied with the provisions of subdivision 4 of section 284 of the Code of Criminal Procedure by stating that the offense was committed within the county of Sullivan, and the proof, in the absence of any objection or suggestion to the contrary, sustained that allegation.

This brings us to the consideration of the second ground urged by the defendant for a reversal of this conviction, viz.: Was there a sufficient corroboration of the evidence of the prosecutrix to satisfy the requirements of section 286 of the Penal Code?

The corroborating circumstances relied upon by the People consist mainly of the evidence of attentions of the defendant upon the prosecutrix in the character of a suitor. The undisputed evidence shows that their acquaintance commenced in January, 1891, and that his attentions were unremitting from that time until the seventh of June, when it is alleged the offense was committed; during that interval he visited her every Sunday, frequently rode out with her, attended upon her, and escorted her to parties and to visit her friends, and evinced for her such partiality by his attentions as to furnish some evidence which the jury had the right to consider as bearing upon the alleged promise of marriage, and, to some extent at least, corroborated the testimony of the prosecutrix upon that subject.

This alleged promise of marriage and seduction, according to the testimony of the prosecutrix, occurred on the 7th of June, 1891, and the adulterous intercourse was repeated, according to her testimony, on the next Sunday, the fourteenth day of June, at about the same

place, on their return from Port Jervis; and defendant continued his visits every Sunday after that except one until the fifteenth of August; during all the summer months of that year he was a constant visitor of the prosecutrix.

On the 6th of April, 1892, prosecutrix gave birth to a child which she alleges was the fruit of the defendant's intercourse with her. Other circumstances are detailed in the evidence which the jury might properly regard as bearing upon the question of the alleged promise and seduction. There was, therefore, other evidence supporting the testimony of the female seduced, which, if believed by the jury, was clearly sufficient to meet the requirements of section 286 of the Penal Code.

The case was, therefore, a proper one for the jury, and there is sufficient evidence to sustain their verdict. Some criticism is made by the appellant's attorney upon the charge of the judge, and while in some respects his characterizations may have too plainly reflected his own feelings, there was no legal error in the charge for which this judgment of conviction can be reversed.

The judgment of conviction should be affirmed.

PUTNAM, J., concurred; HERRICK, J., dissented.

Judgment affirmed.