THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* DAVID ORR, Appellant.

*Seduction, under promise of marriage — what evidence in corroboration of the female is required.*

The provisions of the Penal Code which require that, upon the trial of a person for the crime of seduction under promise of marriage, the evidence of the female seduced shall be corroborated, are limited to corroborations of the promise of marriage and of the carnal connection, and need not extend to the fact that the female seduced was of previous chaste character and was unmarried.

The statute will be satisfied, so far as relates to the promise of marriage, by proof of circumstances which usually attend an engagement of marriage; and upon the question of illicit intercourse, corroboration will be afforded by evidence of opportunities and by proof of that confidence and affection for the accused on the part of the female, which render it probable that the act may have been done.

Proof of the physical condition of the female by a physician, who treated her about the time of the alleged seduction, is competent as corroborating the evidence of the complainant as to the alleged illicit intercourse.

The People may show by a physician who examined the complainant after the alleged seduction that, upon the day after the examination, the accused came to see him, and wished to know if a lady was there the previous day; that when the witness stated that she was there, he, upon the inquiry of the accused, who had stated that he knew her, informed the accused that this lady was pregnant, and that thereupon the accused said: "That leaves me in a pretty fix."

The People may also show that the accused endeavored to induce a physician to perform an abortion upon the complainant. Such evidence tends to corroborate the complainant's statements that illicit relations existed between her and the accused.

APPEAL by the defendant, David Orr, from a judgment of the Court of Sessions of the county of Onondaga, entered in the office of the clerk of Onondaga county on the 6th day of May, 1895, upon the verdict of a jury convicting the defendant of the crime of seduction under promise of marriage, and also from an order, bearing date the 6th day of May, 1895, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

*Hoyt & Farrington,* for the appellant.

*B. J. Shove, District Attorney,* for the respondent.

PER CURIAM:

The defendant was indicted and convicted of the crime of seduction under promise of marriage. The statute which defines and regulates that offense provides: " A person who, under promise of marriage, seduces and has sexual intercourse with an unmarried female of previous chaste character is punishable by imprisonment for not more than five years, or by a fine of not more than one thousand dollars, or by both." " No conviction can be had for the offense specified in section two hundred and eighty-four, upon the testimony of the female seduced, unsupported by other evidence." (Penal Code, §§ 284, 286.)

That the evidence of the complainant, if properly corroborated, was sufficient to justify the conviction of the defendant is unquestioned. But the defendant contends that the evidence of the complainant was not corroborated to the extent required by section 286, and consequently that the defendant should have been acquitted.

It seems to be settled in this State that the evidence required must be corroborative of the promise of marriage and the carnal connection, and need not extend to the facts that the female seduced was of previous chaste character or unmarried. (*Kenyon* v. *The People*, 26 N. Y. 203; *Boyce* v. *The People*, 55 id. 644; *The People* v. *Kearney*, 110 id. 188; *Armstrong* v. *The People*, 70 id. 38, 44.) In the latter case it was also held that as to the promise of marriage the provision of the statute is satisfied by proof of circumstances which usually attend an engagement of marriage; and that as to the illicit intercourse and the inducements which led to consent, evidence of opportunities, and that the relations of the parties were such as indicated that confidence in and affection for the accused on the part of the female, which rendered it probable that the act may have been done, is sufficient. (See, also, *The People* v. *Gumaer*, 80 Hun, 78, and *Kenyon* v. *The People, supra*.) Proof of circumstances legitimately tending to establish the material facts are sufficient to authorize a conviction. (*The People* v. *Plath*, 100 N. Y. 590.)

Without attempting to state the evidence in detail, which was corroborative of that given by the complainant, a careful study of the proof contained in the appeal book leads us to the conclusion that, under the authorities in this State bearing upon the question,

the evidence of corroboration was sufficient to justify the submission of the case to the jury.

On the trial, after the complainant had testified that the offense was committed on February 4, 1894, and that when committed her vagina was lacerated and there was a flow of blood, and that Dr. Kinne had treated her, the People called Dr. Kinne as a witness, who, under the defendant's objection and exception, testified to having examined the complainant either late in the winter or early in the spring of the year 1894, and that such examination revealed a wounding and inflammation of the soft tissues, a swelling and laceration of the mucous membrane of the passage of the vagina, with evidences of bleeding, and that he prescribed for her at that time. We think this evidence was admissible as showing a circumstance which tended to corroborate the evidence of the complainant as to illicit intercourse and that the defendant's objection and exception were not well taken.

Dr. McKenna was also called as a witness for the People, and after testifying that he knew the complainant, he testified that he first met her at his office between the 20th and 25th of October, 1894. He was then asked : " You may state whether or not you made an examination of her at that time. [Objected to as incompetent, improper, immaterial and hearsay and too remote, and in no sense a corroboration of any fact to be established in this case. Objection overruled. Exception taken by defendant's counsel.] A. Yes, sir ; I saw this defendant, David Orr, I think, the next day after that. Q. Now what occurred at that time, doctor ; go right on ; tell what he said and what you said. [Objected to on the same grounds, incompetent, inadmissible, improper and irrelevant. Objection overruled. Exception taken by defendant's counsel.] A. He came to my office and wanted to know if there was a lady up there the previous day. I said there was, and he said he wanted to know if she was in a family way ; I said she was about four months and a half along ; he said, 'Are you positive ?' I said, 'I am pretty sure of it.' He then said, 'That leaves me in a pretty fix ; I would like to get help out of it.' I asked him if he saw the girl the previous evening. He said he did. I asked him if she agreed to everything he said, and he said she did. 'Well,' I said, 'you had better see the girl again ;' so he left my office."

The defendant contends that the admission of this evidence was error, and cites the case of *The People* v. *Kearney* (110 N. Y. 188) as sustaining that contention. In that case the defendant was indicted for seduction, and the complainant testified that the offense was committed in July, and that the defendant had frequent intercourse with her until December. The prosecution was permitted to show, under objection and exception, that she had a child in August of the next year. This was held error, as it did not tend to show illicit intercourse thirteen months before the birth of the child. That case is very clearly distinguishable from this. The purpose of the evidence in that case was only to show the fact that the complainant was pregnant in November, while the seduction took place in the preceding July. If the evidence objected to in the case at bar had been only to the effect that the complainant was pregnant in October, the doctrine of the case cited might apply. In this case no such evidence was in fact admitted. The proof here was that the witness examined the complainant, and that the next day he saw the defendant and had a conversation with him. The doctor did not even testify that the complainant was pregnant. The testimony which he gave was of a conversation between him and the defendant, in which he told the defendant that the lady who visited him on the previous day, who was the complainant, and about whom the defendant inquired, was in the family way four and one-half months along. To that statement the defendant replied: "That leaves me in a pretty fix; I would like to get help out of it." That the evidence of this conversation was admissible, we have no doubt. Its admission was not in conflict with the decision in the *Kearney* case. We think the exception was not well taken.

Nor do we think the court erred in admitting the evidence of the prosecutrix and Dr. McKenna tending to show that the defendant tried to induce the former to have an abortion performed. The proof was of conversations with the defendant in regard to the condition of the prosecutrix, and included a proposition by him that an abortion should be procured. This was, we think, so far a part of the transaction between the prosecutrix and the defendant as to render the conversation between them admissible. It tended at least to corroborate the statement of the prosecutrix as to the relations which existed between herself and the defendant, and to show that he sought

to prevent publicity of her condition which resulted from a course of action commenced by the perpetration of the crime charged. (*People* v. *Murphy*, 135 N. Y. 450 ; *Hope* v. *The People*, 83 id. 418, 427 ; *Pierson* v. *The People*, 79 id. 424.)

We have carefully examined all the remaining exceptions to which our attention has been called by the appellant's brief, but we have found none that would justify a reversal of the judgment or that require special discussion. It follows that the judgment and order should be affirmed.

Present — HARDIN, P. J., MARTIN and MERWIN, JJ.

Judgment of conviction of the Court of Sessions of Onondaga county, and order appealed from affirmed. After the judgment is entered in the judgment book, a certified copy of the entry shall forthwith be remitted to the clerk of Onondaga county, with whom the original judgment roll is filed, in accordance with the provisions of section 547 of the Code of Criminal Procedure.