## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

### February 7, 1919.

## THE PEOPLE v. KARL KELLER.

(186 App. Div. 534.)

(1.) EVIDENCE—ADMISSIONS—FAILURE OF DEFENDANT TO DENY ACCUSATION.
Evidence that a defendant remained silent when accused of the crime charged is competent, and is not rendered incompetent by the fact that such evidence occurred at an interview in which the complaining witness identified the defendant as the person who committed the crime, especially where a witness later testified to the same incident.

(2.) SAME—COMPETENCY OF EVIDENCE.
The competency of evidence sought to be elicited by the prosecution is not destroyed by the fact that it also elicited other evidence which was incompetent.

(3.) SAME—SPECIFIC OBJECTION TO QUESTION.
The court's attention should be called directly to the point involved in an objection to a question.

(4.) SAME—LEADING QUESTION.
The mere fact that a question by the prosecution was leading is insufficient to justify a reversal.

BLACKMAR, J., dissented, with opinion.

APPEAL by the defendant, Karl Keller, from a judgment of the County Court of Kings county, rendered against him on the 14th day of June, 1918, convicting him of the crime of grand larceny in the first degree.

*Alfred M. Simon (Jules Gladstone* with him on the brief), for the appellant.

*John E. Ruston, Assistant District Attorney (Harry E. Lewis, District Attorney,* with him on the brief), for the respondent.

Jaycox, J.:

The defendant has been convicted of the crime of grand larceny in the first degree. He was accused of having stolen a special patrolman's badge from the person of one Frank Gatto. Upon the trial the prosecution endeavored to prove that the defendant was accused by the complaining witness of having committed this crime and that in the face of that accusation the defendant remained silent. The witness apparently did not understand, or at least did not respond to the questions put to him in regard to the matter. He evidently thought that the questions referred to, or he desired to testify to, an identification of the defendant. It is true that the evidence which the district attorney desired to elicit occurred at an interview in which the complaining witness identified the defendant as the person who stole his badge. In the course of this examination the witness testified to an identification of the defendant. I think this identification, however, was merely incidental and that it does not violate the rule laid down in People v. Jung Hing (212 N. Y. 393, 31 N. Y. Crim. 449). If the evidence which the People sought to elicit was competent, its competency was not destroyed by the fact that it also elicited other evidence which was incompetent. (Hope v. People, 83 N. Y. 418; People v. Place, 157 id. 584, 598; People v. Orr, 92 Hun, 199, 203, 11 N. Y. Crim. 188; Abb. Tr. Br. Crim. Causes [2d ed.], 411, 514.) The evidence which the People sought to elicit was that the defendant remained silent when accused of the crime. This evidence was competent. (Kelley v. People, 55 N. Y. 565; People v. Ferrara, 199 id. 414, 424, 430, 25 N. Y. Crim. 121; Abb. Tr. Br. Crim. Causes, 557, 558.) The question put to the witness in relation to his accusation of the defendant and the defendant's silence under the accusation is criticised as being leading and also as assuming a fact not in evidence. The whole course of the examination indicates clearly that the deefndant's counsel did not object to the identification

26

of the defendant but did object to what was said at that time. The objection made to the question was general — no ground for the objection being stated — but the previous objections indicated that this objection was based upon the contention that any evidence of what was said at this time was incompetent. The court's attention should have been called directly to the point involved in the objection.    Aside from that, a witness later testified to the same incident and testified that the complaining witness did make the accusation against the defendant in practically the language embraced in the district attorney's question.    It having been shown by independent testimony that this incident actually occurred, the defendant was not harmed by the assumption in the question addressed to the complaining witness.    The mere fact that the question was leading is insufficient to justify a reversal.

The judgment of conviction should be affirmed.

Jenks, P. J., Putnam and Kelly, JJ., concurred; Blackmar, J., read for reversal.

Blackmar, J. (dissenting):

I dissent.    The defendant was a German.    Except for that fact I doubt if he could have been convicted, for it would be difficult to establish a felonious intent to steal a special patrolman's badge, which has little or no inherent value, unless it could be shown that the badge was of some use to the thief. The inference in this case was that this German, an alien enemy, stole a badge to obtain improper admission to the waterfront. In view of this aspect of the case, I think the record should be carefully scrutinized.    The complainant, called as a witness, testified on direct examination that he went with a man named Marks to the station house and there he saw the defendant's photograph as an alien enemy.    The complainant was then permitted to testify that he identified the defendant at the Police Court as the thief.    This evidence violates the rule laid

down in People v. Jung Hing (212 N. Y. 393, 31 N. Y. Crim. 449), where it was held that a witness testifying to the identity of a defendant cannot corroborate himself by saying that he theretofore identified and picked out the defendant at the station house. It is suggested that this may be upheld on the theory that it led up to a charge on the part of the complainant that Keller was guilty of the theft of the shield and the failure to deny the charge on the part of Keller. But this excuse cannot be urged to justify the testimony of the witness Ward, who thereafter was called and testified to the identification and nothing else. Moreover, the complainant did not testify that he charged the defendant with the crime. He testified to nothing but identification. It is true that after failing to elicit from the witness evidence that he made a charge, the district attorney asked the following question: " Q. What did Keller say when you said, ' That is the man right there that stole my badge ? ' What did Keller say ? " Now, the witness did not use those words or anything like them. The question was not justified by the record as it then stood, and should not have been asked or permitted. I do not overlook the fact that later in the case one Duffy did testify that the complainant placed his hand on Keller and said, " That is the man that has got my shield," and that Keller said nothing. Assuming the innocence of the defendant, as we must for the purpose of determining the relevancy of the evidence, the words, " That is the man that has got my shield," are not equivalent to a charge of theft which an innocent person could have understood. The defendant was an alien enemy and might, if innocent, have thought that something was going on that he did not fully understand and, therefore, felt under no obligation to defend his own innocence. In these circumstances I would give the man a new trial.

Judgment of conviction of the County Court of Kings county affirmed.