THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* JACK GOLDEN, Appellant.

Seduction — indictment for seduction under promise of marriage — evidence — when testimony of complainant must be corroborated by evidence tending to show such promise independent of the act of intercourse mentioned by complainant.

1. In order to sustain a conviction for seduction under promise of marriage there must be corroborative evidence tending to establish this element independent of the act of intercourse. While related the two elements are separate and distinct and although corroboration of a complainant's testimony as to this promise may be circumstantial and not direct, the circumstances must be of a character which naturally tend to establish the existence of a marital promise.

2. On the trial of defendant for seduction under promise of marriage the complainant testified as to the details of the occurrence at a specified date and place with positiveness and precision. Defendant denied the evidence of complainant and fixed a different date and locality for their first act of intercourse and testified that it was not induced by promise of marriage. The fair meaning of the charge to the jury permitted it to remold the complainant's testimony and accept it as proof of the commission of the alleged crime at the date and place fixed by the defendant, thereby co-ordinating it with defendant's testimony, or permitted it to recast defendant's testimony and accept it as corroboration of complainant's version that a crime was committed at the time and place fixed by her. Each witness positively described and identified an occurrence which could not be the one identified and described by the other and their testimony was irreconcilable. It was error to permit a jury in this way to reach a verdict of guilty.

*People* v. *Golden,* 211 App Div. 847, reversed.

(Argued February 2, 1925; decided February 25, 1925.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 19, 1924, which affirmed a judgment of the Court of General Sessions of the Peace in the county of New York rendered upon a verdict convicting the defendant of the crime of seduction.

*Robert S. Johnstone* and *Stanley L. Richter* for appellant. The exceptions to the court's charge require a reversal of the judgment. (*People* v. *Nelson,* 153 N. Y. 90, 95, 96; *Cook* v. *People,* 2 T. & C. 404; *People* v. *Gumaer,* 4 App. Div. 412; *People* v. *Clark,* 33 Mich. 112; *People* v. *Bressler,* 131 Mich. 390; *People* v. *Payne,* 131 Mich. 474; *People* v. *Flaherty,* 162 N. Y. 532; *Armstrong* v. *People,* 70 N. Y. 38; *People* v. *Van Zile,* 143 N. Y. 368.)

*Joab H. Banton, District Attorney (Felix C. Benvenga* and *Edwin B. McGuire* of counsel) for respondent. The court properly charged on the subject of seduction. (*People* v. *Koenig,* 180 N. Y. 155; *People* v. *Johnson* 185 N. Y. 219; *People* v. *Gilbert,* 199 N. Y. 10; *People* v. *Nelson,* 153 N. Y. 90; *Kenyon* v. *People,* 26 N. Y. 203; *People* v. *Cook,* 2 T. & C. 404; *People* v. *Weinstock,* 140 N. Y. Supp. 453; *People* v. *Markheim,* 162 App. Div. 859; 213 N. Y. 680; *People* v. *Ammon,* 92 App. Div. 205; 179 N. Y. 555; *Smith* v. *State,* 107 Ala. 139.)

HISCOCK, Ch. J.  The defendant has been adjudged guilty of seducing the complainant, named Siegel, under promise of marriage. Such a judgment required a finding by the jury that the defendant had had sexual intercourse with the complainant, that her consent thereto had been induced by a precedent promise of marriage thereafter to be consummated and that the complainant's testimony in respect of both of these elements had been corroborated.

Both parties were sworn. The complainant testified

that late in the evening of a given date, fixed by the district attorney as the first Sunday in May, 1922, at the office of the defendant in Cherry street, New York, she was induced to consent to such intercourse then occurring by his promise that he would marry her and the steps for which marriage were to be taken the next day. She fixes the place and details of this occurrence with unvarying positiveness and precision.

The defendant, on the other hand denying absolutely the evidence of the complainant, states that late in the evening of a day, stated by the district attorney to have been in the latter part of the same month, he for the first time had intercourse with the complainant in the vestibule of an apartment house on Eleventh street in the city of New York, and which was induced by no promise of marriage. He likewise fixes the place and details of the occurrence with an unshaken positiveness which is absolutely contradictory of the evidence given by complainant. The trial judge stated in effect in his charge that the case was one where the stories of these two witnesses could not be reconciled and, in our opinion, it was impossible to make the evidence of either witness as given applicable to or proof of the occurrence described by the other.

With this evidence in the case the trial judge came to his charge. He reviewed the facts with admirable fairness and stated the principles applicable to the consideration of the case with entire accuracy until the very end of his charge. But then, as we think, he inadvertently slipped into error. He had charged the jury concerning the necessity for corroboration of the complainant's story as to both intercourse and promise of marriage and then there occurred a discussion between him and defendant's counsel which before conclusion embraced requests and refusals to charge and exceptions. We quote the essential portion of it.

" Mr. Kaminsky (defendant's counsel): From your

Honor's analysis of the case, it occurred to me that there is no corroboration as to the act of sexual intrcourse in Cherry street. * * *

" The Court: As I have said, the question is, is there corroboration of the sexual intercourse *in the month of May,* and you may take into consideration on that the defendant's own statement. * * * there has to be some supporting testimony so that the allegation that she had intercourse *in the way she said* does not rest upon her testimony alone and unsupported.

" Mr. Kaminsky: I will ask your Honor to charge the jury that the fact that he admits he had sexual intercourse with her on subsequent days * * * is not in itself and by itself corroboration of her story of the sexual intercourse in Cherry street.

" The Court: I am not aware that there is direct corroboration of her statement that the act took place in Cherry street rather than the vestibule in Eleventh street, but as I say the corroboration as to the exact locality is not essential. *The question is was there an act in May, either in Eleventh street or Cherry street, of sexual intercourse, and was that act done under a promise of marriage, or without it?*

" Mr. Kaminsky: I except to your Honor's charge, that whether it took place in Cherry street or in a hallway on Eleventh street is immaterial, because the indictment specifically charges and her testimony goes to the Cherry street incident and absolutely denies the Eleventh street incident. Your charge, therefore, may make the jury believe that she had intercourse in Eleventh street, when on the witness stand she denies it.

" The Court: *That is for them to say.*

" Exception."

The fair meaning of all of this was that the jury were permitted to remold the complainant's testimony and accept it as proof of the commission of the alleged crime in Eleventh street in the latter part of May, thereby

co-ordinating it with defendant's testimony, or were permitted to recast defendant's testimony and accept it as corroboration of complainant's version that a crime was committed in Cherry street in the fore part of May. Nobody can tell which theory was adopted by the jury or be sure that part did not adopt one theory and another part the opposite one.

If we have been at all correct in what has been already said it was error to permit a jury in this way to reach a verdict of guilty. In our opinion each witness positively described and identified an occurrence which could not be the one identified and described by the other and their testimony was irreconcilable. Of course no one forgets the rule that frequently the survival of testimony as a whole is not destroyed because a witness makes a mistake concerning some immaterial detail of time or place. But there are occasions when the element of time or place so enters into and becomes an essential feature of the testimony given by a witness that it cannot be eliminated or changed without destroying the entire evidence as proof of the fact under consideration. That seems to us to be this case so far as complainant is concerned. It does not seem to us legally possible that she inadvertently located the occurrence in Cherry street if, as a matter of fact, it occurred in Eleventh street. All of the circumstances with which she surrounded the principal occurrence makes this seem to us unbelievable. Proof of the crime rests on that fact and her testimony cannot be recast by substituting the vestibule in Eleventh street for the office in Cherry street without disrupting its entire structure. Nor on the other hand does it seem to us to be any more legally possible that the defendant inadvertently located the occurrence which he purports to describe in Eleventh street when it actually happened in Cherry street. He too excludes the idea of inadvertence by the inclusion of too many details. Of course the jury had a right, as it undoubtedly

did, to say that he was not telling the truth and wholly disregard his evidence which then would leave the complainant without any corroboration by this evidence. But even further, if we assume that under the circumstances the jury had the right to dismember his evidence and rejecting his claim that the act took place in Eleventh street nevertheless believe it so far as it admitted intercourse, there would be a failure of corroboration so far as concerns the essential element of an inducing promise of marriage. There must be corroborative evidence tending to establish this element independent of the act of intercourse. While related the two elements are separate and distinct and although corroboration of a complainant's testimony as to this promise may be circumstantial and not direct, the circumstances must be of a character which naturally tend to establish the existence of a marital promise and, so far as we are aware, it has never been held that a mere act of illicit intercourse tends to establish such promise. (Penal Law, secs. 2175, 2177; *Boyce* v. *People,* 55 N. Y. 644; *Armstrong* v. *People,* 70 N. Y. 38, 43, 44; *People* v. *Kearney,* 110 N. Y. 188, 193; *People* v. *Plath,* 100 N. Y. 590, 594; *People* v. *Orr,* 92 Hun, 199, 200; *People* v. *Gumaer,* 80 Hun, 78.)

So it seems to us that, tested by the testimony of either witness, the instructions were erroneous and the error so substantial that the judgments must be reversed and a new trial granted.

CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ., concur; McLAUGHLIN, J., absent.

Judgments reversed, etc.